152 So.2d 327 (1963)
Davy L. JOHNSTON
v.
FIDELITY NATIONAL BANK OF BATON ROUGE, Louisiana and Kleinpeter Farms and Dairy Products, Incorporated.
No. 5812.
Court of Appeal of Louisiana, First Circuit.
March 29, 1963.
*328 Jess Funderburk, Jr., Leesville, for appellant.
Kantrow, Spaht & Kleinpeter, by Robert L. Kleinpeter, Baton Rouge, for appellees.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
HERGET, Judge.
Plaintiff, Davy L. Johnston, instituted a tort action against Fidelity National Bank of Baton Rouge, Louisiana and Kleinpeter Farms and Dairy Products, Incorporated alleging his wife, Mrs. Marie Lynch Johnston, was employed as a teller at a drive-in window at the Florida Street Branch of the Fidelity National Bank and that an agent of defendant Kleinpeter Farms and Dairy Products, Incorporated presented at the teller's cage at the bank heavy sacks of money and upon the attempt of his wife to lift one of the heavy sacks of coins she sustained serious and permanent injuries. For such injuries Plaintiff seeks to recover damages for loss of consortium as well as monetary loss to the family income resulting from the inability of his wife to work. Plaintiff seeks recovery of these damages against both the Fidelity National Bank of Baton Rouge, Louisiana and Kleinpeter Farms and Dairy Products, Incorporated. Exceptions of no cause or right of action were filed by both Defendants, whereas, Fidelity National Bank of Baton Rouge, Louisiana additionally filed a motion for summary judgment. The exceptions on behalf of Kleinpeter Farms and Dairy Products, Incorporated were referred to the merits.
For oral reasons assigned, the Trial Judge rendered judgment sustaining the exceptions of no cause or right of action and the motion for summary judgment filed by the Fidelity National Bank of Baton Rouge, Louisiana and dismissed Plaintiff's suit against said Defendant at Plaintiff's costs. Judgment was signed thereon on June 12, 1962; from this judgment Plaintiff appealed.
Two issues are raised for consideration by this Court.
First: Plaintiff's right to recover for the alleged damages he sustained because of injuries to his wife enumerated in his petition. (a) The emotional sufferings of his wife resulting from her physical injuries sustained in the accident *329 Though he does not specifically categorize it, as to these damages it is apparent Plaintiff is seeking to recover for the loss of consortium, companionship and affection of his wife, which claims are not recoverable under Louisiana law. Bea v. Russo, La. App., 21 So.2d 530. Additionally, Plaintiff seeks recovery for (b) his mental agony suffered as a result of his wife's injuries. Such damages, representing mental sufferings of one person as a result of physical injuries received by another, are not recoverable under Louisiana law. Hughes v. Gill, La.App., 41 So.2d 536; Davies v. Consolidated Underwriters, La.App., 14 So. 2d 494; Seligman v. Holladay, La.App., 154 So. 481. (c) Insofar as the claim by the Plaintiff as head and master of the community for the monetary loss resulting to the community because of his wife's inability to work, such claims may be validly asserted. Pelt v. Home Indemnity Company, La.App., 118 So.2d 148; Chandler v. F. Strauss & Son, La.App., 194 So. 133. Accordingly, Plaintiff's claims under the first category are restricted to damages for the loss of his wife's income.
Second: This issue requires a resolution of the question of whether under the Louisiana Workmen's Compensation Act Plaintiff's action in tort against the Fidelity National Bank of Baton Rouge is excluded.
In connection with the motion for summary judgment and the exceptions of no cause and no right of action filed by Fidelity, Defendant and Exceptor filed certified copies of a joint petition of Plaintiff's wife Mrs. Marie Johnston, Hartford Accident and Indemnity Company and Fidelity National Bank of Baton Rouge, Louisiana, together with a judgment of the Nineteenth Judicial District Court on said joint petition wherein, for the sum of $5,740.05, the Court approved, homologated and made the compromise settlement its judgment. In this judgment the said Annie Marie Johnston was authorized and empowered to release Fidelity National Bank of Baton Rouge and Hartford Accident and Indemnity Company of any and all claims of every nature, character and kind arising out of said alleged accidental injuries that occurred on or about July 1, 1960.
Counsel for Exceptors maintain the damages, if any, suffered by either Plaintiff-husband or his wife resulting from injuries received by the wife within the scope of her employment with the bank are exclusively restricted to recovery under the Workmen's Compensation Act and accordingly Plaintiff has no cause of action against Fidelity National Bank of Baton Rouge. Plaintiff concedes where the Act is applicable it excludes the right of an employee covered under the Act from bringing an action in tort against his employer or the employer's workmen's compensation insurer, but maintains inasmuch as the hazardous employment of defendant Fidelity National Bank has not been judicially determined, his right to institute this action in tort is not precluded. Plaintiff maintains his wife was employed in a nonhazardous occupation and though she effected and received a compromise settlement for the injuries she sustained the Workmen's Compensation Act was not applicable and therefore Plaintiff has a right and cause of action to sue Fidelity National Bank in tort under LSA-C.C. Article 2315. In support of this contention Plaintiff maintains the reasoning in Shields v. American Motorists Insurance Company, D.C., 157 F.Supp. 520 which held a workmen's compensation settlement made by the employee previous to filing a suit in tort against his employer's liability insurer for the same injuries did not resolve the issue whether in fact plaintiff's claim was covered under the Workmen's Compensation Act and such issue could only be determined upon a trial of the merits. The Court observed:
"* * * Here the factual issue to be litigated at the very threshold of this tort action is coverage under the Louisiana Workmen's Compensation Act. If the injury in suit here is covered by the Act then this litigation *330 is at an end, for the remedy under the Act is exclusive. If the injury in suit is not covered by the Act, there appears no reason why this tort action may not proceed. The settlement agreement compromised the coverage issue. It did not resolve it. And the settlement was limited to claims under the Compensation Act. It did not include tort actions."
In the Shields case the employer was his own compensation insurer. In the instant case Fidelity National Bank was insured by Hartford Accident and Indemnity Company at the time of the accident. If the employer in the instant case were selfinsured, under the reasoning of the Shields case it would be incumbent upon us to remand the case to the Trial Court for a trial and judgment on the factual issue of whether or not Plaintiff's wife was covered by the Act at the time of her injury. However, as in fact it is shown, Hartford Accident and Indemnity Company was the insurer of Fidelity National Bank of Baton Rouge and Plaintiff having alleged his wife was injured while employed at such bank within the scope of her employment, the issue of whether or not in fact such employment was hazardous within the meaning of the Act is removed under the provisions of LSA-R.S. 23:1166, reading:
"When an insurance company issues a policy of insurance to an employer covering claims for injuries to employees that may arise within the scope of the employer's business, the insurance company shall be estopped to deny liability on the grounds that the employment was not hazardous and during the period such insurance is in effect, claims for injuries occurring during such period by such employees against the employer or the insurance company shall be exclusively under the workmen's compensation act. Added Acts 1958, No. 495, § 1."
An authoritative and excellent discussion of the changes made in the Louisiana Workmen's Compensation Act relating to hazardous employment by the above quoted amendment is found in an article by Professor Wex S. Malone, appearing in 19 Louisiana Law Review, 110.
We have found no factual situation identical to the instant case in Louisiana jurisprudence, however, in Smither and Company, Inc. v. Coles, 100 U.S.App.D.C. 68, 242 F.2d 220, at page 224, the Court said:
"Whether the right of a spouse be regarded as independent, i. e., arising directly from the tort, or as derivative, that right does not come into existence except for the occurrence of the injury. Absent a compensable injury to the one spouse there would be no claim to assert against the employer. In that sense certainly the `rights' are not independent of but derive from or are on account of a compensable injury to the employee. We need not decide, however, whether the right of one spouse to recover damages for loss of consortium is derivative or independent; under this statute, as indeed under the statutory scheme of such statutes everywhere, all the rights of `husband or wife' are merged into the exclusive remedy provided by the Act and are barred by a recovery under the Act. Thus it seems clear that the `husband or wife' in the context of this statute and in this legal situation is not one of the third persons as to whom legal rights may arise or attach. Whether suing personally or in a representative capacity, the `husband or wife' are both affirmatively excluded by the express terms of Section 5."
Though the Court in the Smither case had for consideration the Longshoremen's and Harbor Workers' Compensation Act providing therein an exclusive remedy for injuries to the employee received in the course of employment, his legal representative and husband or wife, the provisions of this Act are similar to those of the Louisiana Workmen's Compensation Act.
*331 In considering the 1958 Amendment to the Workmen's Compensation Act, quoted supra, the Supreme Court of this State in Bergeron v. New Amsterdam Casualty Company, 243 La. 108, 141 So.2d 832 at pages 835-836 observed:
"The section clearly makes recovery under the Workmen's Compensation Law exclusive in those cases to which it is applicable. This is true although all specific elements of the injury may not be compensable. Inasmuch as Boyer v. Crescent Paper Box Factory [143 La. 368, 78 So. 596], supra, was decided prior to this amendment, that case is not controlling."
For these reasons the judgment is affirmed.