184 So.2d 594 (1966)
Joseph A. SABATIER et al.
v.
The TRAVELERS INSURANCE COMPANY.
No. 2120.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1966.
Rehearing Denied April 4, 1966.
Kenneth V. Ward, New Orleans, for plaintiff-appellee.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, James L. Selman, II, and Frank C. Allen, Jr., New Orleans, for defendant-appellant.
Before McBRIDE, YARRUT and BARNETTE, JJ.
McBRIDE, Judge.
Plaintiff, Joseph A. Sabatier and his minor daughter, Susan, were involved in an automobile accident on July 15, 1964, and were allegedly injured. Sabatier, on his own behalf, and as natural tutor of his daughter, filed this suit against the tortfeasor's insurer endeavoring to recover damages. Sabatier was allowed $2,750 for his personal injuries and his minor daughter was allowed $300. Defendant appeals.
Appellant concedes its insured's negligence and its only complaint is that the amount awarded Sabatier is excessive and that his daughter is not entitled to a recovery. Sabatier is 44 years of age; he has a preexisting heart condition and we are convinced the accident did not aggravate his condition to any extent whatsoever. What Sabatier did suffer was a mild sprain of the cervical spine. He was treated by a physician from the date of the accident to August 11, a period of less than one month. During that period he underwent eight traction treatments. There remains no residual disability. He is a disabled war veteran and works for the American Red Cross as a controller, which we take to *595 mean that he is employed in some clerical capacity. The accident happened on Wednesday and he was able to resume work the following Monday. We believe that the trial judge abused his discretion in allowing the claimant $2,750 for personal injuries in that the award is excessive and rather think $1,200 would do substantial justice in the case.
The claim is made that Susan, who is 15 years old, suffered pain and mental anguish and would require future medical expenses and on her behalf $4,100 was claimed. The trial judge awarded $300. Susan testified that she had no injuries but that, as her father was experiencing nervousness, "I was worried". This worry arose because she was thinking of her father's heart condition. In the absence of proof that she sustained physical injuries she is entitled to no recovery. Her apprehension about her father's condition would be no basis for a judgment. It is well established that one person cannot recover damages for worry and mental suffering as a result of injuries to another. Johnston v. Fidelity National Bank of Baton Rouge, La.App., 152 So.2d 327; Vinet v. Checker Cab Company, La.App., 140 So.2d 252; Honeycutt v. American General Insurance Company, La.App., 126 So.2d 789; Hughes v. Gill, La.App., 41 So.2d 536; Davies v. Consolidated Underwriters, La.App., 14 So.2d 494; Seligman v. Holladay, La.App., 154 So. 481.
For the reasons assigned, the judgment, insofar as it runs in favor of Joseph A. Sabatier individually is reduced to the sum of $1,805.37, and insofar as it runs in favor of Sabatier as natural tutor of his daughter, the judgment is reversed and is further amended so as to provide that Sabatier's claim on her behalf is dismissed, and as thus amended and in all other respects the judgment is affirmed. Cost of appeal are to be paid by the appellee.
Reversed in part, amended in part and affirmed.