208 So.2d 570 (1968)
Samuel Getty WARR et ux., Plaintiffs and Appellees,
v.
Wesley M. KEMP, Melvin Blackburn, d/b/a Vet's Cab Company et al., Defendants and Appellants.
No. 2297.
Court of Appeal of Louisiana, Third Circuit.
March 27, 1968.
Nelson, Ormond & Nelson, by, J. Thomas Nelson, New Orleans, for defendants-appellants.
Wood & Jackson, by, W. R. Jackson, Jr., Leesville, for plaintiffs-appellees.
Before HOOD, CULPEPPER & LEAR, JJ.
*571 CULPEPPER, Judge.
The sole issue presented by this appeal is the quantum of the award to plaintiffs, Samuel Getty Warr, and his wife, Jewel Warr, for damages arising out of an intersectional collision in the city of Leesville, Louisiana. Mrs. Warr suffered what is commonly called a "whiplash" injury for which she was awarded $1500 in general damages, plus $600 for mental anguish due to fear of a miscarriage (she was about 5 months pregnant). Mr. Warr was awarded $100 property damage (the deductible portion of his collision insurance), $135 medical expenses for Mrs. Warr, and $300 for mental anguish due to fear of his wife having a miscarriage.
The defendants appealed, contending the awards are excessive. Plaintiffs answered the appeal, seeking an increase.
The accident occurred on April 25, 1967. Mrs. Warr had no immediate symptoms of injury, but that night her neck and shoulders became stiff and painful. She didn't see a doctor until April 29, 1967, which was 4 days after the accident. Since her husband is a lieutenant in the Army, stationed at Fort Polk, she went to the hospital there. The Army doctors initially found "tender cervical muscles with mild spasm" and a "post concussion headache". X-rays were negative. The only treatment prescribed was drugs for pain and muscle relaxation and heat therapy. After about two days, Mrs. Warr returned to work as a school teacher.
During about the next month, Mrs. Warr was seen periodically by different doctors at Fort Polk at the "out-patient clinic" but none of these doctors testified. Defendants contend it must be presumed that the testimony of these Army doctors would be unfavorable to plaintiff. However, plaintiff's explanation is that she was seen by many different doctors and few, if any, records were kept of her visits.
On July 6, 1967, plaintiff was examined by Dr. Charles V. Hatchette, an orthopedic specialist in Lake Charles. His report shows that Mrs. Warr is a 22 year old white female, well nourished, etc. He diagnosed residuals of a spraining injury of the soft tissues and ligaments in the area of the cervical spine. He termed her condition an "intermittent stage of improvement" and predicted complete recovery in one or two months.
Dr. Hatchette saw Mrs. Warr again on August 31, 1967. He thought she was greatly improved and had only mild sensitivity on the left side of the neck in the trapezoid region. His prognosis again was complete recovery in one or two months.
Under the evidence, we therefore have a "whiplash injury" of approximately six months duration. The symptoms were not severe. There was no hospitalization and no braces worn. There is also the added factor of anxiety concerning the possibility of a miscarriage. We think the trial court award of $1,500 in general damages, plus $600 for anxiety over the possibility of a miscarriage, a total of $2,100 to Mrs. Warr, is well within the range of the trial court's great discretion as to the quantum of awards in personal injury cases.
There is no dispute as to the award to Mr. Warr for property damage, this being the deductible portion of his collision insurance. The medical expense of $135, representing Dr. Hatchette's charges for two visits, was unquestionably for treatment, as well as for purposes of this litigation, and is allowed.
The trial court's award of $300 to Mr. Warr, for mental anguish due to the injuries to his wife and fear that she would suffer a miscarriage, cannot be allowed. The jurisprudence of Louisiana is firmly established that one person cannot recover damages for mental anguish as a result of injuries to the person of another. Duet v. Cheramie, 176 So.2d 667 (La.App. 1st Cir. 1965) and the many cases cited therein.
*572 There is one case which allowed a husband damages for mental anguish over fear that his wife would suffer a miscarriage, Valence v. Louisiana Power & Light Company, 50 So.2d 847 (Orl.App. 1951). That case cites no authority, does not discuss the legal question, and has since been recognized as the sole deviation from our established jurisprudence. The work of the Louisiana Appellate Courts for the 1961-1962 Term, 33 La.Law Review 239 at pages 290-294.
The case of Holland v. St. Paul Mercury Insurance Company, 135 So.2d 145 (La. App. 1st Cir. 1961), discussed in 33 La. Law Review 290-294, allows damages to parents for mental anguish due to their child's critical illness after eating rat poison left in plaintiff's home by the defendant exterminator, pursuant to a contract. The facts showed that when the parents contacted the defendant to determine the type of poison and the proper antedote, the defendant was unable to give this information, which resulted in great anxiety to the parents that the child would die. The opinion cites cases in which damages for mental anguish, embarrassment, etc. were awarded for breach of contract and apparently these are the cases on which the court relied. However, the decision in Holland recognizes the general rule in tort cases that damages are not allowed for anguish due to injury to another person. The court also noted that Valence v. Louisiana Power & Light Company, supra, "stands alone, contrary to the weight of the firmly established jurisprudence of this state * * *."
For the reasons assigned, the judgment appealed is amended to omit the award of $300 to Mr. Warr for mental anguish. Otherwise the judgment is affirmed. All costs of this appeal are assessed against the defendants.
Amended and affirmed.