232 So.2d 829 (1970)
Mrs. Dolores L. ROBERTSON, Individually and in the Capacity of Confirmed Natural Tutrix and for the Use and Benefit of Her Minor Son, Renauldo D. Robertson, et al.
v.
AETNA CASUALTY AND SURETY COMPANY.
No. 3557.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1970.
Rehearing Denied April 6, 1970.
*830 Aubrey C. Evans, New Orleans, for plaintiff-appellant.
Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, Paul B. Deal, New Orleans, for defendant-appellee.
Before CHASEZ, BARNETTE and LeSUEUR, JJ.
LeSUEUR, Judge.
This litigation arises from an automobile-pedestrian accident in which the plaintiff's minor son, Renauldo D. Robertson, was injured. The facts of the accident are not relevant to this appeal.
Suit was first filed in the Civil District Court for the Parish of Orleans, No. 482-164, by Mrs. Robertson, who sued both individually and on behalf of Renauldo. Martin G. Staub and his insurer, Aetna Casualty and Surety Company, were joined as defendants.
Subsequently, the case at bar was filed in the Twenty-Fourth Judicial District Court for the Parish of Jefferson. Mrs. Robertson again asserted her individual claims and those of her son, Renauldo. Additional claims, however, were added on behalf of Alex J. Robertson III, Arnel B. Robertson and Reginald Robertson, three other minor children of the plaintiff. These claims seek damages for the mental anguish these children suffered upon learning of their brother's injury, the loss of possible future financial assistance, and the loss of pride and hope for his future career. The children were not involved in the accident and there is no evidence in the record that they witnessed it. Staub was not joined in this action, and Aetna is the sole defendant.
All causes of action were met with exceptions. An exception of no cause of action was lodged against the claims made on behalf of Alex, Arnel and Reginald. The duplicate claims, those of Mrs. Robertson individually and on behalf of Renauldo, were met with an exception of lis pendens, pursuant to Arts. 531 and 925(3) of the Code of Civil Procedure.
The trial judge maintained all exceptions and dismissed the claims brought on behalf of Alex, Arnel and Reginald. The duplicate claims, however, were indefinitely stayed pending a determination of the issues in case No. 482-164 of the docket of the Civil District Court for the Parish of Orleans. Plaintiff has appealed.
*831 In our view, the exceptions were properly maintained. There is little authority in our jurisprudence which would support a claim for mental anguish brought on behalf of persons who were in no way involved in and not subjected to the tort itself. We are neither unaware of nor unmindful of the decision of this court in Valence v. Louisiana Power & Light Co., La.App., 50 So.2d 847 (Orleans 1951), upon which plaintiff relies. While it is true that the decision allows damages to a husband for mental anguish due to injuries to his wife and fear of miscarriage, it is also true that the opinion includes no discussion of the legal issues involved, provides no authority for its holding and seems to stand alone in our jurisprudence. See Warr v. Kemp, La.App., 208 So.2d 570 (3rd Cir. 1968).
Indeed, later decisions on similar facts have persistently distinguished, ignored, or simply declined to follow the Valence ruling. Duet v. Cheramie, La. App., 176 So.2d 667 (1st Cir. 1965) and the many cases cited therein; Sabatier v. Travelers Insurance Company, La.App., 184 So.2d 594 (4th Cir. 1966). Not knowing the principles and facts which motivated the court in the Valence case and wishing to remain consistent with the accepted jurisprudence of this state, we adopt the uniform rule that one person cannot recover damages for mental anguish as a result of injuries to another where there is no breach of an independent ex contractu or ex delicto duty owed directly to the claimant as in Holland v. St. Paul Mercury Insurance Co., La.App., 135 So.2d 145 (1st Cir. 1961).
The lis pendens exception was also properly maintained. The plaintiff argues that inasmuch as Staub is a defendant in only one action and additional claims are pleaded in the Jefferson suit, the identity of parties and issues necessary to the exception are absent. We cannot agree. The exception is obviously intended to protect the defendant from having to defend a single cause of action upon many fronts. Here, with reference to Mrs. Robertson and Renauldo, the causes of action are identical as is the defendant pleading the exception. This is sufficient for the purposes of lis pendens where there is no threat of prejudice to substantive rights. Scott v. Ware, La.App., 160 So.2d 237 (2d Cir. 1964).
We do, however, question the remedy imposed by the trial judge in staying rather than dismissing these claims. LSA-C.C.P. Art. 531 expressly provides that:
"When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. * * *" (Emphasis supplied.)
Further, lis pendens is a declinatory exception and effect must also be given to LSA-C.C.P. Art. 932, which states that:
"When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.
"If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action shall be dismissed; * * *" (Emphasis supplied.)
The plain language of both Articles requires dismissal without prejudice. Neither these Articles, nor the jurisprudence, admits of an indefinite stay as an appropriate step once the exception is maintained.
For these reasons, the decree of the trial court is amended to provide for the dismissal, without prejudice, of the plaintiff's *832 claim individually and on behalf of her minor son, Renauldo, and, as amended, the decree is affirmed.
Amended and, as amended, affirmed.