365 So.2d 23 (1978)
Joe B. CAPERS, Individually and as the Administrator of the Estate of his minor child, and Eric T. Capers
v.
The ORLEANS PARISH SCHOOL BOARD, Through its President, and the Travelers Insurance Company.
No. 9527.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1978.
Carl J. Selenberg, New Orleans, for plaintiffs-appellants.
Polack, Rosenberg, Rittenberg & Endom, Lawrence W. Koltun, New Orleans, for defendants-appellees.
Before LEMMON, STOULIG and SCHOTT, JJ.
LEMMON, Judge.
This is a suit to recover damages sustained by a six-year old public school student who during the noon recess climbed upon and fell from a commercial-sized garbage *24 container located against the rear fence of the school yard and away from, but accessible to, the main play area. The trial court dismissed the suit after a trial on the merits, and plaintiff (the child's father) appealed.
Plaintiff contends that the Orleans Parish School Board was negligent in allowing hazardous objects near the play area and in failing to supervise the child properly. Plaintiff's trial exhibit shows the containers in question as follows:

There were 1,140 children enrolled in the elementary school. At the time of the accident there were 250 to 300 students in the yard, supervised by six to eight adults, including two to four teachers, an activities director, two teacher's aids and the principal or assistant.
Tort liability is based on the existence of a duty and the breach thereof which causes damage. The standard of care for school teachers and administrators is that of a reasonable person in such a position acting under similar circumstances. Reasonable care includes protecting against unreasonable risk of injury from dangerous or hazardous objects in the school building and on the grounds.
In the present case the garbage containers were not inherently dangerous, and placement of the containers against the perimeter fence to the rear of the school building did not create a hazardous condition or expose students to unreasonable risk of injury. Indeed, plaintiff's child could have climbed upon and fallen from many inherently safe objects inside or outside the school building. There is no duty imposed upon school teachers and administrators to fence or remove all otherwise safe objects simply because children might climb upon the objects. Partin v. Vernon Parish School Bd., 343 So.2d 417 (La.App. 3rd Cir. 1977); Taylor v. National Indem. Co., 215 So.2d 203 (La.App. 3rd Cir. 1968).
As to the duty of supervision, the Board's employees must provide reasonable supervision commensurate with the circumstances. Here, supervision of 250 to 300 students by six to eight adults during the noon recess on fenced school grounds constituted reasonable supervision under the circumstances. *25 Whitfield v. East Baton Rouge Parish School Bd., 43 So.2d 47 (La. App. 1st Cir. 1949). The fact that one child wandered to the rear of the yard into an area away from the normal play area does not necessarily indicate substandard supervision, especially when the area contained nothing inherently hazardous and was within the fenced school grounds.
The judgment is affirmed.
AFFIRMED.