389 So.2d 96 (1980)
Dinna Bannister MILES, Individually and as Natural Administratrix of the Estate of the Minor Donny Miles and Sherry Miles Crocklen,
v.
ILLINOIS CENTRAL GULF RAILROAD CO., Kansas City Southern Railway Co., Inc., Southern Railroad Co., Magor Railcar, Division of Fruehauf Cor., Citadel Cement Cor., Cecil Brown, and ABC, DEF, GHI, and XYZ Insurance Companies.
No. 10759.
Court of Appeal of Louisiana, Fourth Circuit.
September 19, 1980.
Writ Refused November 21, 1980.
Gauthier & Murphy, Patrick J. McCabe, Kenner, for plaintiff-appellant.
Lemle, Kelleher, Kohlmeyer & Matthews, H. Martin Hunley, Jr., and David S. Kelly, New Orleans, for defendants-appellees.
Before SAMUEL, BOUTALL and GARRISON, JJ.
SAMUEL, Judge.
This is a suit for damages arising from the wrongful death of Arthur Miles. Petitioners are Dinna Bannister Miles, individually *97 and as natural administratrix of the estate of the minor, Donny Miles, and Sherry Miles Crocklen.
The petition alleges: At the time of decedent's death Dinna Bannister Miles was his legal wife and Donny Miles was a child of that marriage. Sherry Miles Crocklen is his mother. Decedent (whose employer is not a named defendant herein) was unloading cement from a "hopper type railroad car" owned by one of the defendants, loaded by another, manufactured by another, and in the possession and/or control of the remaining defendants. While he was unloading the car, in a normal and proper manner, it suddenly fell on top of him, crushing him to death.
Insofar as Sherry Miles Crocklen's right of action is concerned, the petition alleges: On being informed of the accident she rushed to the scene and was present when the car was raised from her son's crushed body. The incident and that sight caused her extreme anxiety and mental suffering and, accordingly, she seeks damages for mental anguish.
Some of the defendants[1] filed exceptions of no right or cause of action to the claim of the mother, Sherry Miles Crocklen. Following oral argument and the submission of memoranda, there was judgment maintaining the exception and dismissing her suit against the exceptors. She has appealed from that judgment.
In this court appellant makes these four contentions: (1) The trial court erred in failing to follow the first sentence of C.C. Art. 2315; (2) the judgment is unconstitutional in that it violates the equal protection clauses of the Constitutions of the United States (Amendment 14) and the State of Louisiana (Art. 1, Sec. 3); (3) the judgment also is unconstitutional in that it violates the guarantees of due process provided in the two constitutions (United States, Amendment 14, and Louisiana, Art. 1, Sec. 3); and (4) the judgment also is unconstitutional in that it violates the guarantee of free and open access to the courts provided in Article 1, Section 22 of the Louisiana Constitution.
The survival/wrongful death action has been a part of our law since the adoption of the Revised Civil Code of 1870. Insofar as is pertinent to this appeal, Civil Code Article 2315 reads:
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving;.... The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. . . ." (Emphasis ours).
Regarding appellant's first contention, it is clear she is not entitled to maintain, nor is she attempting to maintain, a survivor's or wrongful death action under Article 2315. The article explicitly provides the surviving mother or father may bring the action or actions only if the deceased did not leave a spouse or child surviving, and in this case the deceased left both a spouse and a child. However, while conceding she has no survival action under Article 2315, appellant argues the article's first sentence gives her a right of action for the mental anguish suffered by her as a result of her son's death.
*98 Our long settled jurisprudence is to the contrary. Except as sanctioned by Article 2315 there can be no recovery of damages for mental pain and anguish suffered as a result of physical injuries sustained by, or on account of, another person.[2] The only instance where a person may recover for such mental anguish other than under Article 2315 is where the tort feasor has breached a duty owed, not to the injured party alone, but to the plaintiff.[3] In the instant case the petition does not allege the breach of any duty owed by the exceptors to Sherry Miles Crocklen, nor has her counsel suggested there was any such duty.
Nonetheless, appellant further argues this line of jurisprudence "is suspect and should be overturned and brought into accord with the obvious intent of [the first sentence of] Article 2315." While there are valid reasons for continuing the rule as it now stands, we find a consideration of this argument is unnecessary. The jurisprudence to which appellant objects includes cases handed down by the Supreme Court of Louisiana, and we are required to follow those cases; we have no authority to overrule the holdings of that court. In addition, particularly in view of the long standing jurisprudence, it appears to us that this is a matter which addresses itself to the legislature.
In connection with her second, third and fourth contentions appellant informs us that those constitutional challenges are directed, not to Article 2315 itself, but to the courts' interpretation of that article as evidenced by the line of jurisprudence cited above in this opinion. We find no merit in any of these contentions.
As to the second contention, regarding violation of the constitutional equal protection clauses, appellant argues the classification, i. e., the restricting of a cause of action to those to whom the tort feasor owes a duty which has been breached, is based upon circumstances, and those, as appellant here, "who have the misfortune due purely to circumstance to fall within the judicially gerrymandered class are not afforded the full protection of our laws." In answer to this argument it suffices to say that of necessity the legislature was faced with the need to place some limitations on those who are designated as beneficiaries in Article 2315 and both the distinctions in that article and the court interpretation thereof are constitutionally reasonable and supportable.
To support her third contention relative to due process, appellant argues she has a vested property right of which she cannot be constitutionally deprived. She relies entirely upon this statement in Burmaster v. Gravity Drainage Dist. No. 2.[4]
"Where an injury has occurred for which the injured party has a cause of action, such cause of action is a vested property right which is protected by the guarantee of due process."
The statement obviously refers only to an injured party who "has a cause of action." Here, appellant does not have a cause or right of action; she has no claim recognized *99 by our law. Consequently, she has no vested property right.
Finally, as to the fourth contention, relative to a denial of true access to the courts, Article 1, Sec. 22 of our Constitution of 1974 does not require that every suit filed be disposed of by trial on the merits. To hold otherwise would have the effect of removing practically all exceptions from our civil procedure. Appellant has had full access to the courts. As we have said, she simply has no claim recognized by our law.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] Illinois Central Gulf Railroad Company, The Kansas City Southern Railway Company, Southern Railway Company and Cecil N. Brown.
[2] Kaufman v. Clark, 141 La. 316, 75 So. 65; Brinkman v. St. Landry Cotton Oil Co., 118 La. 835, 43 So. 458; Sperier v. Ott, 116 La. 1087, 41 So. 323; Black v. Carrollton R. Co., 10 La.Ann. 33; Bourg v. Redden, La.App., 351 So.2d 1300; Bourque v. American Mut. Liability Ins. Co., La.App., 345 So.2d 237; Hickman v. Parish of East Baton Rouge, La.App., 314 So.2d 59; McKey v. Dow Chemical Company, Inc., La. App., 295 So.2d 516; Robertson v. Aetna Casualty and Surety Company, La.App., 232 So.2d 829; Warr v. Kemp, La.App., 208 So.2d 570; Voelker v. Liberty Mutual Insurance Company, La.App., 190 So.2d 136; Sabatier v. Travelers Insurance Company, La.App., 184 So.2d 594; Johnson v. Fidelity National Bank of Baton Rouge, La.App., 152 So.2d 327; Vinet v. Checker Cab Company, La.App., 140 So.2d 252; Honeycutt v. American General Insurance Company, La.App., 126 So.2d 789; Hughes v. Gill, La.App., 41 So.2d 536; Davis v. Consolidated Underwriters, La.App., 14 So.2d 494; Seligman v. Holladay, La.App., 154 So. 481.
[3] Morgan v. Richmond, La.App., 336 So.2d 342; Holland v. St. Paul Mercury Insurance Company, La.App., 135 So.2d 145, Blanchard v. Brawley, La.App., 75 So.2d 891; (liability attached-not because a duty was owed to the injured party-but because a duty to the plaintiff was breached).
[4] La., 366 So.2d 1381, 1387.