391 So.2d 976 (1980)
Pamela GIBBONS, Individually and on behalf of her minor child, Sasha Gibbons
v.
ORLEANS PARISH SCHOOL BOARD.
No. 11431.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1980.
*977 Windmeyer & Dinwiddie, Bruce W. Dinwiddie, Metairie, for plaintiff-appellee.
Polack, Rosenberg, Rittenberg & Endom, Charles T. Curtis, Jr., New Orleans, for defendant-appellant.
Before SAMUEL, BARRY and SARTAIN, JJ.
BARRY, Judge.
Plaintiff, Pamela Gibbons, filed suit individually and on behalf of her minor child Sasha, against the Orleans Parish School Board because of injuries sustained by the minor child while playing in defendant's school yard. The defendant was found negligent and appeals denying its negligence and also seeks a reduction in the award. The appeal was answered by the mother asking that she be awarded damages for mental anguish as a result of her daughter's injury.
Sasha, a six year old, was a first grade student at Lakeview School in New Orleans at the time of the accident. The child arrived in the school yard at approximately 8:30 a. m. and began swinging on "monkey bars". Located adjacent to the bars was a "tether ball pole" about ten feet in height. When Sasha reached the end of the bars she grabbed onto the pole and attempted to slide down to the ground. Attached to the center area of the pole was a screw that protruded approximately 1½ inches and which caused a laceration on the inside of the child's left thigh when she slid over it.
The District Court held the defendant negligent in failing to provide adequate supervision in the school yard and found the tether ball pole to be an "attractive nuisance" because of its close proximity to the bars. The Court awarded $7,500.00 for pain, disfigurement, and future cosmetic surgery expenses and denied recovery to the mother for her mental anguish.
At the time of the accident approximately 150-180 children were in the school yard under the supervision of one teacher. Her duties that morning included supervision in unloading school buses, patrolling the "T" shaped playground area, and overseeing students in the school basement. It is apparent that one teacher attempting to effectively perform these various supervisory functions over so many students in several locations is totally inadequate and virtually impossible. Even the presence of sufficient supervisory personnel may not have prevented this accident.
There is no explanation why the pole was located next to the bars. The fact that it was situated in such close proximity provided a natural inclination or impulse for a young child to switch from the bars to the pole and slide to the ground. The pole, in proper use and without the protruding screw, is not per se dangerous; however, when situated next to the bars with its protruding screw the pole becomes a dangerous instrumentality. In fact, it was *978 foreseeable that a child using the bars would be tempted to swing over to the pole.
The lack of adequate supervision, the location of the pole next to the bars, and the protruding screw clearly constituted negligence on the part of the defendant.
The laceration to Sasha's thigh required nine inside and twenty outside stitches to close the wound. The scar is "v" shaped about 1" × 1½ in length. The child remained home approximately one week convalescing and was later seen by a psychiatrist, psychologist and a social worker. Their testimony showed a nominal degree of traumatic neurosis without a definitive prognosis of difficulty.
Considering the circumstances of the trauma, the type of injury and its effect upon the child, we feel the award of $7,500 is neither excessive nor insufficient and within the sound discretion of the trial judge following the guidelines of Reck v. Stevens, 373 So.2d 498 (La.1979).
The child's mother sought damages for mental anguish on her own behalf by way of answer to the appeal. Our courts have held that a person cannot recover damages for mental anguish as a result of injuries to another where there is no breach of an independent ex contractu or ex delicto duty owed directly to the claimant. Miles et al. v. Ill. Cont. R.R. et al., 389 So.2d 96 (La.App. 4th Cir. 1980); Robertson v. Aetna Casualty and Surety Company, 232 So.2d 829 (La.App. 4th Cir. 1970); Reid v. Clearfield Cheese Company, Inc., 307 So.2d 115 (La.App. 1st Cir. 1974).
We are aware of the isolated decision, Valence v. Louisiana Power & Light Co., 50 So.2d 847 (Orleans Appeals, 1951), which allowed damages to a husband for mental anguish due to injuries to his wife and fear of miscarriage. However, Valence, stands quarantined in our case law. Duet v. Cheramie, 176 So.2d 667 (La.App. 1st Cir. 1965); Robertson, supra.
Plaintiff urges reformation of the inconsistency which allows recovery for mental anguish over property damage, Fontenot v. Magnolia Petroleum Co., 227 La. 866, 80 So.2d 845 (1955), but denies recovery for mental anguish over injuries to a third party. We feel this dissonance causes an illogical conclusion; however, we are compelled to follow the jurisprudence of our Highest Court and any change must be made there or through our legislature.
The judgment of the District Court is affirmed with costs of this appeal to be paid by appellant.
AFFIRMED.