430 So.2d 254 (1983)
Francis SANTEE, Individually and as the Natural Tutrix of Her Minor Child, Trina Hester
v.
ORLEANS PARISH SCHOOL BOARD, et al.
No. CA-0430.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1983.
Eugene Barriffe, Jr., Ortiz & Barriffe, New Orleans, for plaintiff-appellee.
Charles T. Curtis, Jr., Polack, Rosenberg, Rittenberg & Endon, New Orleans, for defendants-appellants.
Before AUGUSTINE, BYRNES and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from a decision awarding plaintiff Francis Santee $5,000.00 for injuries suffered by her minor daughter Trina Hester.
Plaintiff's daughter was injured on February 16, 1977, while playing on the school grounds of an Orleans Parish public school. Plaintiff filed suit against the Orleans Parish School Board ["School Board"] to recover for these injuries. After a trial before a judge, plaintiff was awarded $5,000.00. It is from this decision that defendant now appeals.
The following facts were presented by the plaintiff: Trina Hester was eight years old at the time of the accident. She was playing jacks in the school yard during her lunch recess at the same time several other children were rolling a stand used for volley ball nets or tether ball around the playground. These stands consisted of large tires filled with concrete in which poles were imbedded. The base of one of these stands was rolled over Trina's fingers by another student. The principal of the school, Junius Sanders, testified, however, that he observed Trina herself rolling a stand. He stated that students rolling a second stand ran away when they saw him and Trina's hand became caught between the stands.
*255 The trial court found defendant to be liable regardless of how the accident occurred. The court below found the School Board negligent in allowing the student access to the stands for any purpose other than volley ball or tether ball. Furthermore, the trial court found that the school yard was inadequately supervised which provided an opportunity for the misuse of the stands.
Apparently there had been some problem before with the students having played with the stands in spite of warnings by the principal for them not to do so. Obviously, the principal was worried that an injury might occur through the misuse of the stands. He had told students that any one of them caught playing with the stands would receive a three day suspension. He testified that he had observed Trina Hester and the other students playing with the stands and was in the process of "sneaking up on them" when the accident occurred. He also testified that at one time the stands had been tied to a fence to prevent such incidents from occurring.
In Gibbons v. Orleans Parish School Board, 391 So.2d 976 (La.App. 4th Cir.1980), a first grade student injured herself when she swung from "monkey bars" to a nearby tether ball stand and attempted to slide down it. Attached to the center area of the pole on the tether ball stand was a screw that protruded and lacerated the child's leg when she slid over it. This court allowed recovery for the child's injuries although it did find that a tether ball pole was not per se dangerous. The court held that when the stand was situated next to the monkey bars it became a dangerous instrumentality because of the natural inclination of a child to act like the student had done. Furthermore, that court found that the lack of adequate supervision contributed to the child's injuries and constituted negligence on defendant's part.
We find that Gibbons is clearly applicable to the situation now before this court. Although these stands have not been held to be inherently dangerous, misuse of them by the students and the principal's knowledge of that continued misuse and possibility of injury required that measures be taken to prevent access to the stands. The trial judge could have reasonably inferred from Sanders's testimony that the stands presented a very real possibility of injury to the students and that he was clearly aware of the risk of danger.
The trial court also found that the playground was inadequately supervised at the time of the accident. We find that based on the evidence presented at trial, it was not unreasonable for the trial judge to conclude that the supervision was inadequate. Testimony at trial indicated that there were about 200 children playing in the school yard at the time of the accident. There were only two teachers assigned to the school grounds and the principal also patrolled the grounds during this time. The school yard was divided into two parts, one on each side of a building. There was one teacher in each portion of the school ground, as well as the principal who roamed around. Furthermore, as plaintiff points out in brief to this court, the principal who should have been supervising was more concerned with trying to "sneak up" on the students playing with the stands than he was in stopping them from engaging in a potentially dangerous activity as soon as possible.
The defendant argues that the decision of this court in Capers v. Orleans Parish School Board, 365 So.2d 23 (La.App. 4th Cir.1978) precludes recovery by the plaintiff in the present case. In Capers, a student had injured himself by falling from a large trash container that was located on school grounds. This court held that the School Board did not have a duty to fence or remove all otherwise inherently safe objects, "simply because children might climb upon the objects." Id. at 24. The court also held that reasonable care includes "protecting against unreasonable risk of injury from dangerous or hazardous objects in the school building or on the grounds." Id. In this case, the principal was aware of the students' misuse of the stands and the possibility of injury that this misuse created.
*256 Unlike the trash containers in Capers, the stands in this case had become dangerous by virtue of the students' actions.
The court found in Capers, that the supervision of 250 to 300 students by six to eight adults during the noon recess constituted reasonable supervision under the circumstances. In the case before us, the trial judge concluded that the school yard was not properly supervised. Based on the facts presented at trial, we can not conclude that it was unreasonable for him to do so.
The School Board argues that the trial court should have found Trina Hester contributorily negligent. Although the trial court did not address this issue, based on our review of the facts contained in the record, we find that Trina Hester was not contributorily negligent and therefore is not barred from recovering for her injuries.
For the foregoing reasons the decision of the trial court is affirmed, all costs to appellant.
AFFIRMED.