## HUIE vs. BRAZEALE.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT FOR THE PARISH OF

NATCHITOCHES, THE JUDGE THEREOF PRESIDING.

Where the last day of grace for the payment of a note or bill is a Sunday or a day of rest, the protest is properly made on the preceding day.

Personal notice of protest may be made on the endorser at any place, however distant from his domicil; and personal notice dispenses with constructive notice, by sending it through the post office.

This is an action against the endorser of a promissory note, dated the 15th February, 1837, payable twelve months after date, to the order of the defendant, and by him and others endorsed. The note was made payable in New Orleans, and became due the 15th and 18th February, 1838; the last day being *Sunday*, it was protested on Saturday, the 17th, and notice of protest served personally on the defendant, in New Orleans, the following Monday. His domicil was in the parish of Natchitoches. The defendant pleaded the general issue; and the want of due and legal notice of protest.

• There was judgment for the balance due on said note against the defendant, and the other parties to it, *in solido*, and he alone appealed.

*Curry*, for the plaintiff, and on the part of Mr. *Sherburne*, the original counsel, submitted the case on written points.

*Roysden*, contra.

*Martin, J.* delivered the opinion of the court.

The defendant Brazeale is appellant from a judgment against him and the other endorser of a promissory note, originally given by one B. F. Chapman, as the price of three slaves, which he purchased from the plaintiff for $4644. When the note became due, the last day of grace was on Sunday, the 18th February, 1838. The note was protested in New Orleans, where it was made payable on Saturday, the 17th February, 1838, and notice delivered to the appellant, who was the first endorser, on the Monday following, two days after protest. Before instituting this suit, the plaintiff took out an order of seizure and sale against the slaves on his mortgage, and they were sold on 12 months credit for the sum of $3160. This sale was made on the 6th of March, 1839, and the note and the ten per cent. interest accruing thereon, amounted to the sum of $5134 72, which after deducting the amount of the sale of the slaves, left a balance at that date of $1974 72, due on said note, which is the sum claimed in the present suit. Judgment is given for this sum, with 10 per cent. interest thereon, from the 6th March, 1839, until paid, against the endorsers.

The counsel for the defendant has urged, that the protest was illegally made on the 17th February, when the note became due on the 18th; and that the notice was improperly delivered to him personally in the city of New Orleans, while his residence is in the parish of Natchitoches.

*Where the last day of grace for the payment of a note or bill is a Sunday or day of rest, the protest is properly made on the preceding day.*

The 18th February, the last day of grace, being a Sunday, the protest was correctly made on Saturday, the 17th and preceding day. Acts of 1838, page 44, sec. 5.

Notice appears to have been served on the defendant personally. It is however urged, this is irregular; because the act of the 13th March, 1827, requires, that when the endorser does not reside in the place, where the protest was made, to put the notice in the nearest post office, addressed to him at his domicil or usual place of residence. This act makes mention of two modes of giving notice to the endorser; to wit: by service on

him, *personally*, or transmission through the post office. In directing the mode of transmission, the act refers only to cases, in which there is no personal service. In such cases transmission of notice through the post office would be nugatory. When the notice is served personally, the endorser has *positive* notice, and when it is transmitted to him through the post office, he has only constructive notice. It would be absurd to say, that after positive notice has been received, constructive notice is still to be given.

It has lastly been contended, that the certificate of the notary is evidence only of the transmission of the notice by mail; and that personal service of notice must be sworn to by the notary or the person who makes it. The first section of the act cited, requires the notary to state in his certificate the manner in which notice is *served* or forwarded, and of this, the act makes the notary's certificate evidence. 1 *Moreau's Dig.*, 76.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

*Western Dis. October, 1841.*

