## T. WHALEY v. J. S. HOUSTON.

This action was against the drawers of a draft; one of the grounds of defence was, that it had not been properly presented for acceptance. The notary certified that he " had presented the draft to a clerk of the drawees at their office, the drawers not being in, and demanded acceptance thereof, and was answered that the same would not be accepted." *Held :* That this was a sufficient presentment, the defendants being merchants, having a counting room in New Orleans. *Held, also:* That it is questionable whether the drawer was entitled to notice, as he had no funds in the hands of drawees, and it did not conclusively appear that the agreement with them was such as to authorize the drawer to accept an acceptance.

If the day on which a draft should, by its terms, be presented comes on Sunday, it may be presented on the day previous. The court should take notice of the fact, that the date of its maturity is Sunday.

APPEAL from the District Court of Bienville, *Drew*, J.

*E. J. H. Jones*, for plaintiff and appellant. *H. Gray*, for defendant.

SPOFFORD, J. The plaintiff has appealed from a judgment in favor of the defendant, who was sued as the drawer of a bill of exchange upon *Messrs. Thornhill & Co.*, New Orleans, dated July 13th, 1853, and payable nine months after date to *R. N. Downing*, or order, for the sum of $795 92.

The bill was protested on the 27th September, 1853, for non-acceptance, and on the 15th of April, 1854, for non-payment, and notices of both protests duly forwarded to the drawer.

On no ground assigned by the appellee's counsel in his brief, can the judgment of the District Court be sustained.

He urges that the presentation for acceptance was defective. The drawees were a firm of commission merchants, and cotton factors in New Orleans. Their business residence was of course their office, and that was the fittest place at which to present commercial paper drawn upon them in the course of their business. The notary certifies that he " presented the draft to a clerk of the drawees at their office, said drawees not being in, and demanded acceptance thereof, and was answered that the same would not be accepted." If a presentment for acceptance were necessary, this was sufficient, especially as the authority of the clerk to make the response he did, is recognized by *Thornhill*, one of the firm, whose testimony is in the record.

The District Judge excluded all the evidence, which is ample, of a demand and protest for non-payment, because the protest was made on the 15th of April, 1854, when it should have been made on the 16th, unless that were a holiday, of which no proof was offered. The plaintiff took a bill of exceptions. The ruling was evidently erroneous. The Judge should have taken notice of the fact, that the 16th of April, 1854, fell on a Sunday.

Although abundant diligence has thus been shown on the part of the successive holders of the bill, whose good faith is not impeached by evidence, and is therefore presumed, it is very questionable whether the claim was entitled to any notices of protest. He had no funds in the hands of the drawees, and his agreement with them is not conclusively shown to have been such as to authorize him to expect an acceptance under the state of affairs brought about by the mode in which he disposed of his drafts on *Thornhill & Co.*

74

It is, therefore, ordered, that the judgment of the District Covrt be avoided and reversed. And it is now ordered, adjudged and decreed, that the plaintiff recover of the defendant, the sum of seven hundred and ninety-five dollars and ninety-two cents, with five per cent interest thereon, from the 27th of September, 1853, until paid, and five dollars costs of protest, and. the costs of suit in both courts.