McBRIDE, Judge.
Defendants-appellees move to dismiss plaintiff’s appeal on the ground it was taken more than one year after the rendition and signing of the judgment.
The judgment below was rendered and signed on November 25, 1958. More than one year after, on November 30, 1959, counsel for plaintiff filed a petition for and was granted an appeal the same day from the judgment to this court.
The order granting the appeal is absolutely null and without any effect as the appeal was not taken within the year allowed by Article 593 of the Code of Practice, as amended, which provides: “No appeal will lie, * * * after a year has expired, to be computed from.the day on which the final judgment was rendered, * * Such provision is prohibitory, and we do not acquire jurisdiction of such an appeal which has not been taken within the prescribed time of one year, and it is our mandatory duty to dismiss the appeal. We could even do so ex proprio motu.
Even though we should count the delay from December 2, 1958, the day on which a new trial was denied plaintiff, the appeal bond furnished was filed on December 7, 1959, more than a year later. The maximum limit of one year allowed by the above-mentioned article of the Code of Practice for the taking of a devolutive appeal is the limit of time within which the taking of the appeal must be completed by the filing of the appeal bond.
See Arnold v. Arnold, 217 La. 362, 46 So.2d 298; Dickerson v. Hudson, 201 La. 915, 10 So.2d 700.
However, it might be noted the application for the new trial was unseasonably *517 filed on December 2, 1958, after the three-day delay prescribed by C.P. arts. 546 and 558 had expired, and any error in the judgment could not be corrected by a new trial, the remedy being by appeal. The tardy application for the new trial did not affect the running of the time within which the appeal should have been taken.
The motion is granted and the appeal is dismissed.
Appeal dismissed.