LANDRY, Judge.
This is a tort action wherein plaintiff prays for damages for personal injuries allegedly resulting from a severe electrical shock sustained by plaintiff on July 11, 1960, in the course of his employment by Louisiana Power and Light Company. The named defendants are: (1) Hilton Russell; (2) Henry Adolph; (3) Westinghouse Electric Corporation; (4) General Electric Company; (5) Southern Electric Company; and (6) Southern States Equipment Corporation, against whom plaintiff seeks, judgment in solido.
In the trial court judgments were rendered and signed sustaining certain de-clinatory exceptions filed by and dismissing plaintiff’s action as to defendants, Westinghouse Electric Corporation, Southern States, Inc. (successor to Southern States-Equipment Corporation) and General Electric Company. From the judgments of the *350 lower court rejecting his demands against the hereinabove named defendants, plaintiff has devolutively appealed.
The matter is before us on the motions of the aforesaid appellees to dismiss these appeals on the ground they were not timely taken.
It is undisputed that on June 29, 1962, appellant applied for a new trial with respect to his claims against defendants. Westinghouse Electric Corporation and Southern States, Inc., which demands were dismissed by judgments signed by the trial court on May 21, and June 25, 1962, respectively. It is similarly conceded that on July 3, 1962, appellant applied for a new trial with regard to his claim against appellee, General Electric Company, which demand was rejected by judgment of the trial court signed June 29, 1962. All said motions for new trial were dismissed and rejected by the trial court on September 14, 1962. Appellant’s devolutive appeal from said unfavorable judgments was taken December 14, 1962.
Appellees maintain the appeals herein were not timely taken in that appellant has failed to comply with the provisions of LSA-C.C.P. art. 2087 which reads as follows :
“Art. 2087. Delay for taking devolu-tive appeal
“Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an appeal-able order or judgment may be taken, and the security therefor furnished, only within ninety days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
“(2) The Court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
“(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
It is conceded by appellee that Article 2087 LSA-C.C.P. must be considered in conjunction with Articles 1913, 1914 and 1974 LSA-C.C.P. which latter codal authorities are in pari materiae and provide:
“Art. 1913. Notice of judgment
“Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.
“Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
“Except as otherwise provided in the first two paragraphs of this article, notice of the signing of a final judgment is not required. As amended Acts 1961, No. 23, § 1.”
“Art. 1914. Interlocutory order or judgment when case under advisement; notice; delay for further action when notice required
“When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the *351 minutes of the court of any such interlocutory order or judgment rendered thereafter.
“If a written request for notice of the rendition of the interlocutory order or judgment in such a case has been filed, the clerk shall mail notice thereof to the party requesting it; and the latter shall have ten days from the date of the mailing of the notice to take any action or file any pleadings he deems necessary, except as provided in the next paragraph.
“If the interlocutory order or judgment is one refusing to grant a new trial, the delay for appealing commences to run only from the date of the mailing of such notice, as provided in Articles 2087 and 2123.
“The provisions of this article do not apply to an interlocutory injunctive order or judgment.”
“Art. 1974. Delay for applying for new trial
“The delay for applying for a new trial shall be three days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
“When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913. As amended Acts 1961, No. 23, § 1.”
Under Article 1974, hereinabove cited in full, it clearly appears that the delay for applying for a new trial is three days, exclusive of holidays, which delay commences to run on the date judgment is signed provided no notice of judgment is required under Article 1913, supra. In the event notice is required pursuant to Article 1913, supra, the three d'ays delay for applying for a new trial does not commence to run until the day after either the clerk has mailed, or the sheriff has served the notice of judgment required in Article 1913.
As amended by Act 23 of 1961, Article 1913, LSA-C.C.P. provides that notice of judgment is required only in those instances wherein default judgment is rendered against a defendant predicated on domiciliary service and those occasions wherein a matter is taken under advisement by the trial court.
In answering the rule to show cause why appellees’ motions to dismiss these appeals should not be granted, learned counsel for appellant has submitted the matter without argument or brief. Appellant does not contend that appellant was entitled to notice of judgment herein. Neither is there anything of record to contradict the assertions of appellees that appellant was not entitled to notice of said judgments.
Considering the record before us we cannot but conclude appellant was not entitled to notice of said judgments. It follows that the delays for applications for new trial commenced on the dates of the signing of the judgments herein appealed.
We take judicial cognizance of the fact that May 21 and June 25, 1962 both fell on Monday. Consequently, the delays for applying for new trial with respect to appellant’s demands against defendants, Westinghouse Electric Corporation and Southern States, Inc. expired May 24 and June 28, 1962, respectively. LSA-C.C. Article 1974. Clearly, therefore, appeals taken from these judgments on December 14, 1962 were untimely. LSA-C.C.P. Article 2087(1). The cited article clearly provides that when an application for new trial is not timely filed, a devolutive appeal from the adverse judgment must be taken within 90 days of the expiration of the delay for filing an application for new trial. Our jurisprudence is settled to the effect that the untimely or tardy filing of application *352 for a new trial does not suspend or interrupt the running of the time in which an appeal must be taken. Armant v. Miljack, La.App., 118 So.2d 516.
The present appeals from the judgment rejecting plaintiff’s claims against Southern States, Inc. and Westinghouse Electric Corporation were taken on December 14, 1962, in each instance more than 90 days subsequent to expiration of the 3 day delay period in which application for new trial should have been made.
With regard to the judgment rejecting plaintiff’s demands against General Electric Company, signed June 29, 1962, it appears that application for new trial was timely filed. June 29, 1962 fell on a Friday and July 1, 1962 was a Sunday. Our courts take judicial notice of what day of the week a certain date of the month falls upon and of the fact that a particular day is dies non. Huie v. Brazeale, 19 La. 457; Whaley v. Houston, 12 La.Ann. 585.
In view of the intervening holiday, Sunday, July 1, the delay had not expired on July 3, 1962 when application for new trial was filed. Consequently the delay for taking a devolutive appeal with respect to the claim of defendant, General Electric Company, ran 90 days from the court’s refusal to grant a rehearing. The minutes of the court show that the application was refused September 14, 1962. The delay period therefore expired December 13, 1962 and the appeal taken December 14, 1962 was too late.
For the reasons hereinabove set forth, it is ordered, adjudged and decreed that the devolutive appeals herein taken by appellant, Byron Chambers, from the judgments of the trial court rejecting and dismissing his demands against defendants, Westinghouse Electric Corporation, Southern States, Inc., and General Electric Company, ¡be and the same are hereby dismissed at ■appellant’s cost.
Appeals dismissed.