JANVIER, Judge.
This is an appeal from a judgment dismissing a claim for unemployment compensation under LSA-R.S. 23:1471 et seq.
It is conceded that the essential facts are properly stated in the brief filed by counsel for the claimant. They are as follows :
The facts are not disputed. Claimant was employed to teach German and tennis at JUNO-East, a private school incorporated as Junior Universities of America. Her salary was $222 per month. She worked from September 9, 1963 through April 13, 1964. At that time the school was closed by pressure from City safety and sanitation officials and private creditors. In 1963 the school operated for 16 weeks (September 9-December 31). In 1964 it continued operations for another 15 weeks (January 1-April 13). Thus the school operated for a continuous period of 31 weeks; however, 20 weeks of its operations did not fall within one calendar year.
When the claim was originally filed, it was rejected on two grounds: (1) that it had not been shown that the employer was not engaged in a non-profit operation, and that since the statute did not afford relief to an employee of one engaged in a non-profit making business, the claimant had not shown that the former employer was within the contemplation of the statute; and (2) that the employer had not been in the business for 20 weeks in any one calendar year.
From the dismissal of the claim, the present plaintiff appealed to the Civil District Court, for the Parish of Orleans, and that Court remanded the matter, stating that there was not sufficient evidence in the record to support the dismissal, and that the remand was ordered for the purpose of giving the Division of Employment Security (hereinafter referred to as *682 the Agency) an opportunity to produce evidence in support of the conclusion. It was then that the Agency applied to this Court for a writ of certiorari on the ground that there was sufficient evidence in the record to justify the dismissal, and, on the further ground, that if the record had not included sufficient evidence, the burden of producing such evidence should have been placed on the claimant.
It then transpired that the employer, by virtue of a part of its operations, had been engaged in what was intended to he a profit-making venture, and that, accordingly, it would have been an employer within the contemplation of the statute if its operations had been for a sufficient period to make it eligible under the 20-week provision of the statute.
The contention that the employer had been engaged only in a non-profit making venture was then abandoned by the Agency, and it based its denial of the claim solely on the contention that the employer was not such an employer as is required by LSA-R.S. 23:1472(11) (a), which reads as follows:
“(a) With respect to the calendar year 1941 and each calendar year thereafter, any employing unit which in each of twenty different weeks within either the current or the preceding calendar year, whether or not such weeks are or were consecutive, has or had in employment four or more individuals, not necessarily simultaneously and irrespective of whether the same individuals are or were employed in each such week * * * ”
Before we can consider the question of whether the operations of the employer had been for a sufficient time to justify the conclusion that it was within the contemplation of the statute, we must consider the plea of res judicata which was filed on behalf of the claimant. This plea is based on the argument that when the Agency abandoned the contention concerning non-profit operations and limited its contention to the necessity for 20 weeks of operations in any •one calendar year and when this application for a writ 'of certiorari was refused, the refusal constituted a determination by this Court of the very question which is the only one remaining before us.
A plea of res judicata will lie only when there has been a final judgment indicative of the intention of the Court which rendered the judgment to dispose of the same issue which is before the Court which considers the plea of res judicata.
Here there was no final judgment clearly determinative of the issue which is now presented by the contention concerning the operations of the employer for 20 weeks in any one calendar year. When the District Court rendered the judgment remanding the matter to the Agency for the taking of further evidence on the factual questions which were raised, the Court held that the burden of proof was on the Agency, and in applying for the writ of certiorari the Agency merely contended that that ruling was incorrect, and that, as a matter of fact, such evidence as was in the record showed that the operations of the employer had not been conducted for any 20 weeks in any one calendar year and that, therefore, the claim had been properly dismissed in the first instance. In refusing the writ we merely held that the remand for further evidence was correct and we did not decide, nor did we intend to decide any other issue which had been raised by the suggestion that we might, by refusing to grant the writ, cause unnecessary delay and expenditure of time and effort in considering a legal question which could have been determined by the record as then made up. There was no final judgment. The plea of res judicata must be overruled.
We must, therefore, consider the question posed by the contention that the employer was not engaged in its operations for 20 weeks during the calendar year in which the employment terminated, nor during the preceding year, and that, accordingly, the employer was not an eligible employer within the contemplation of the statute, particular *683 ly LSA-R.S. 23:1472(11) (a), which we have already set forth.
On behalf of claimant it is argued that the word “or” which appears in the following phrase, “within either the current or the preceding calendar year,” does not, as it is used here, have its usual disjunctive significance, and that the statute should be interpreted to mean that the employer is eligible if, during the two mentioned calendar years operations were carried on for 20 weeks even though some were in one year and others were in the other but the entire 20 were not within either calendar year.
It is also argued that if the statute is ambiguous, the ambiguity should be resolved in favor of the claimant.
While that portion of the statute could no doubt have been more clearly worded, we do not think it is ambiguous, and we cannot be persuaded that it can be given the meaning which it must be given if the claimant is to recover.
We note particularly in the opening phrase the reference to one particular calendar year — “with respect to the calendar year 1941 and each calendar year thereafter.” This indicates clearly the intention to make the eligibility of the employer depend upon operations for 20 weeks in one calendar year.
Necessarily it was realized that employment might be discontinued in any current year before there had elapsed sufficient time for the employer to have had 20 weeks of operations in that year and that for this reason eligibility must be made to depend not only on that one current year, but if necessary, on the preceding year. But we see no intention to make it depend on operations during both. If there has been the necessary 20 weeks of operations in the year of termination of employment, then the employer is eligible, but if not, then the preceding year may be looked to, but it will not satisfy the statute if the 20 weeks of operations are divided, some in the cuircnt and Some in the preceding calendar year but without 20 weeks in either one year alone.
Under the facts here there were not 20 weeks in either the current year of termination, nor in the preceding year. Accordingly, the employer was not an employer within the contemplation of the statute and plaintiff cannot recover.
The judgment appealed from is affirmed at the cost of plaintiff.
Affirmed.