PICKETT, Judge.
The plaintiff, James Earl Shivers, Jr., instituted this action against the Louisiana Department of Revenue on July 1, 1971, seeking a judgment requiring the Louisiana Department of Revenue to issue him under the provisions of Louisiana R.S. 47:462, subd. A (3), a Class 3 license for his truck-tractor utilized to transport wood chips, and to recover the difference in the cost of contract carrier (Class 2) license previously purchased by him under protest and the value of a Class 3 license. From a judgment rejecting his demands, the plaintiff has appealed.
The judgment was signed and notice thereof mailed on Tuesday, May 23, 1972. Pursuant to the provisions of C.C.P. Article 1974, a motion for a new trial must be filed within three (3) days commencing from the date judgment is signed, except where notice of judgment is required, in which latter case, the three-day delay begins the day after the Clerk has mailed, or the sheriff has served, notice of judgment. In the case before us, the delays for applying for a new trial commenced on Wednesday, May 24, 1972, and expired on Friday, May 26, 1972. Plaintiff did not apply for a new trial until Thursday, June 1, 1972, which was untimely since the last day for applying for a new trial was Friday, May 26, 1972. Since a new trial was not timely applied for, the result is the same as if there had been no application for a new trial.
Consequently, the motion for a new trial and the denial thereof are both inoperable factors. In this instance, the delay for appeal commenced on Saturday, May 27, 1972, and expired on Friday, August 25, 1972. C.C.P. Article 2087. The appeal in this instance was taken July 26, 1972, which was timely, but the appeal bond was not filed until September 12, 1972, which was subsequent to the ninety-day appeal period which expired August 25, 1972. See Chambers v. Russell, La.App., 152 So.2d 349; Clements v. Kimble, La.App., 239 So.2d 704.
Therefore, we must dismiss the appeal, ex proprio motu, for the reason that same was not timely perfected and we are without jurisdiction in this court. Costs to be paid by plaintiff-appellant.
Appeal dismissed.