316 So.2d 18 (1975)
Charles H.D. BOWERS, Jr.
v.
Geddes A. JONES-JOURNET et al.
No. 6886.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1975.
*19 Jesse James Marks, New Orleans, for plaintiff-appellee.
Joseph A. Barreca, New Orleans, for defendant-appellant.
Before SAMUEL, BOUTALL and SCHOTT, JJ.
SAMUEL, Judge.
This is an appeal from a default judgment rendered on September 9, 1974. Based on an exception of res judicata filed in this court on appeal, appellant, Velma M. Brewer, contends the judgment appealed from should be reversed.
Together with five other persons, one of whom is the appellant herein, plaintiff executed a promissory note for $13,500 to one Ben D. Johnson, Sr. on November 30, 1970. Suit was filed on the note by Johnson, who obtained a default judgment on May 18, 1972 against all six makers of the note in solido. On appeal to this court, that judgment was reversed on the ground it had been obtained by ill practices.[1]
Pending the appeal in the Johnson case, plaintiff filed this suit against his co-makers, including the appellant herein, alleging he had satisfied the judgment in full, thereby becoming legally subrogated to the rights of Johnson, and seeking reimbursement of each defendant's share of the judgment. He obtained a preliminary default against appellant on April 25, 1974, which was confirmed on April 29, 1974. For no reason explained in the record (the record does show the April 29, 1974 judgment may be subject to an action of nullity for the reason that plaintiff apparently failed to allow two legal days to pass between the preliminary default and its confirmation), and without additional service of process, plaintiff again obtained a preliminary default on August 23, 1974 which he confirmed on September 9, 1974. It is the judgment of September 9, 1974 from which appellant has prosecuted this appeal and against which she has filed the peremptory exception of res judicata.
Article 927 of the Louisiana Code of Civil Procedure provides the plea of res judicata is properly raised through the peremptory exception. Article 2163 of that code further provides an appellate court may consider a peremptory exception filed for the first time in that court if the exception is pleaded prior to a submission of the case for decision and if proof of the ground of the exception appears of record. Both conditions have been met in this case. The exception was filed on February 27, 1975, the case was submitted to the court for decision on June 9, 1975, and proof of the ground of the exception does appear of record.
*20 Appellant's exception is two-fold. First, she contends the judgment rendered April 29, 1974 is final. Consequently, she argues that judgment is res judicata and a bar to the judgment of September 9, 1974. Second, she contends that because this court reversed the trial court's in solido judgment in favor of Johnson against the parties to this suit, the judgment of the Court of Appeal is res judicata and a bar to the judgment of September 9, 1974. As the first contention alone, if valid, is dispositive of the matter, and as we agree with that contention, we need not consider the second.
Res judicata is discussed in our Civil Code in terms of the "thing adjudged." Article 3556(31) defines the thing adjudged as follows:
"Thing Adjudged.Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal." LSA-C.C. Art. 3556(31).
There is no doubt in this case that the judgment of April 29, 1974 is a final judgment,[2] no longer appealable. Personal service of a copy of that judgment was made on appellant on May 2, 1974 and the delays for appealing had elapsed prior to the rendition of the September 9, 1974 judgment appealed from.[3]
However, as provided by Article 2286 of the Civil Code,[4] for a judgment to have the authority of the thing adjudged, the following requirements must exist: (1) the demand must be the same; (2) the demand must be founded on the same cause of action; (3) the demand must be between the same parties; and (4) the demand must be between the parties in the same quality. When a claim obtains the authority of the thing adjudged, no further suit or action may be had thereon.[5]
There is also no doubt the four requirements of Article 2286 of the Civil Code regarding res judicata are present in the case before us. A lengthy discussion of why this conclusion is reached is unnecessary since both judgments were obtained on the basis of the same suit between the same parties, the identical unamended pleadings, without any additional action in the suit between judgments, and upon the same evidence.
As an action to annul a judgment must be brought in the trial court,[6] and as there has been no such direct action, nor any collateral attack, by either party to this suit, that question is not before us and we expressly refrain from passing any opinion on the validity or nullity of the judgment of April 29, 1974. Nevertheless, we feel constrained to point out that while a final judgment may have the substantive effect of res judicata, it may nevertheless be subject procedurally to an attack on the ground of its nullity. Article 2001 of the Code of Civil Procedure provides in part as follows:
"The nullity of a final judgment may be demanded for vices of either form or substance, ..." LSA-C.C.P. Art. 2001. (emphasis ours).
Moreover, under Article 2002(2) of the Code of Civil Procedure, a final judgment shall be annulled if it is rendered against a defendant against whom a valid judgment by default has not been taken. With certain exceptions apparently not present here, the same article further provides an *21 action to annul a judgment on this ground may be brought at any time. Since there is no time limit for seeking to nullify an invalid default judgment, it follows there is no relationship between a judgment's susceptibility of being nullified under Article 2002 of the Code of Civil Procedure and its effect as a final judgment for the purpose of res judicata under Articles 3556(31) and 2286 of the Civil Code.
Accordingly, we hold the judgment of April 29, 1974, being final and unappealable, is res judicata with regard to the claim for contribution by the plaintiff against the appellant. The judgment appealed from is of no effect whatever and, as of the present time, plaintiff must rely on the judgment of April 29, 1974 insofar as it establishes that claim against the appellant.
For the reasons assigned, the judgment appealed from is annulled and set aside. Costs in both courts arising out of the proceedings involving the judgment appealed from are to be paid by the plaintiff-appellee.
Annulled and set aside.
BOUTALL, Judge (concurring).
Although I believe that the judgment used as a basis for the plea of res judicata is null, I concur for the reasons hereinafter expressed.
The peremptory exception of res judicata was raised for the first time in this court after appeal from a default judgment. It is predicated upon a prior default judgment in the same proceedings. In order to adjudicate the exception, we must inquire into the record before us to determine if the essential elements of res judicata are present. In making such a determination, we of necessity must examine the prior judgment which is the basis of the plea. That judgment is a confirmation on April 29, 1974, of a preliminary default against this appellant and a co-defendant on April 25, 1974. We may take judicial notice of what day of the week a certain date of the month falls upon and of the fact that a particular day is dies non. Chambers v. Russell, 152 So.2d 349 (La.App.1st Cir. 1963); Jenkins v. Tillman, 221 So.2d 895 (La.App.1st Cir. 1969). Because of the occurrence of a weekend in that particular period, there are insufficient legal days to permit the taking of a timely or valid confirmation of default. C.C.P. Article 1702.
C.C.P. Article 2002 provides that a final judgment shall be annulled if it is rendered "(2) Against a defendant * * * against whom a valid judgment by default has not been taken; * * *". Since we are required to examine the record to determine if there is in existence a judgment meeting the requirements of res judicata, and since the record during that examination discloses that the judgment is null, I am of the opinion that it cannot serve as a basis for the plea of res judicata. This court shall render any judgment which is just, legal and proper just upon the record before it. C.C.P. Article 2164.
However, in this case I do not dissent for the reason that C.C.P. Article 2002 further provides exceptions to the action of nullity as set out in Article 2003, such as acquiescence in the judgment or failure to attempt to enjoin enforcement. The record does not disclose a positive answer to those exceptions, and neither party to this appeal has urged to this court the invalidity of the April judgment. Because of this I concur with the result reached by the majority.
NOTES
[1] Johnson v. Jones-Journet, La.App., 306 So.2d 827, writ granted, La., 309 So.2d 678.
[2] See LSA-C.C.P. Art. 1841.
[3] See LSA-C.C.P. Arts. 2087, 2123 and 1974.
[4] "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must: be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality." LSA-C.C. Art. 2286.
[5] See LSA-C.C. Art. 2287.
[6] LSA-C.C.P. Art. 2006.