GARRISON, Judge.
On February 7, 1977, plaintiffs filed this action seeking a declaratory judgment on the issue of the status existing between the Office of the Coroner for Jefferson Parish and the State of Louisiana from November 27, 1972 through the present. Defendants are the State of Louisiana, Dr. Charles Odom, Coroner for the Parish of Jefferson, and the Estate of Bennie Verdun.
On April 13, 1977, the State filed a decli-natory exception of lis pendens and peremptory exceptions of res judicata and no cause and no right of action. On September 6, 1977, the U.S. District Court for the Eastern District of Louisiana continued indefinitely a similar case, pending a state court determination of the status of the Office of the Coroner for the Parish of Jefferson. On April 28, 1978, the instant case was consolidated with two then pending state actions.
The trial judge overruled the State’s exceptions on July 29, 1977. On August 31, 1978, counsel for the State notified the district court that he had not received notice of the prior hearing. Accordingly, the hearing was rescheduled and held on October 6, 1978, at which time counsel for the State again failed to appear. On October 9, 1978, the district court again entered judgment overruling the State’s exceptions and ordered the State to answer within fifteen days. No answer was filed.
The district court rendered judgment declaring that the Office of Coroner for the Parish of Jefferson is and was a State agency on November 27, 1972. All costs were taxed against the State. The State appeals from the judgment of the district court. We affirm in part and reverse in part.
On appeal and State argues that the district court improperly overruled its exception of lis pendens and res judicata, that the *505 district court erred in declaring that the Office of the Coroner is a State agency, and that court costs cannot be assessed against the State.
We find that the district court properly overruled the exception of lis pendens under C.C.P. Arts. 531 and 532:
“When two or more suits are pending'in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object * * * ” C.C.P. Art. 531. (emphasis added)
“When a suit is brought in a Louisiana court while another is pending in a court of the United States on the same cause of action, between the same parties in the same capacities, and having the same object. * * * ” C.C.P. Art. 532 (emphasis added)
The State relies on Robertson v. Aetna Casualty and Surety Co., 232 So.2d 829 (La.App. 4th, 1970) as support for its contention. In Robertson, the object of both suits was a recovery for damages. In the instant appeal, however, the objects of the suits vary materially. The instant case seeks a declaratory judgment, whereas the other case is a suit for damages. Accordingly, the exception of lis pendens was properly overruled.
We also find that the exception of res judicata was properly overruled. The State cites Bowers v. Jones-Journet, 316 So.2d 18 (La.App. 4th, 1975) in support of its contention. This court’s holding in Bowers was predicated upon the essential elements of res judicata as stated in C.C. Art. 2286:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same. * * * ” (Emphasis added)
In Bowers, supra, this court upheld the exception of res judicata finding that “both judgments were obtained on the basis of the same suit between the same parties, the identical unamended pleadings, without any additional action in the suit between judgments, and upon the same evidence.” At 20. The instant appeal is readily distinguishable in that the objects, the pleadings, the evidence, and the parties of the two suits differ.
The leading case on res judicata is Scurlock Oil Co. v. Getty Oil Co., 294 So.2d 810 (La.1974) wherein the Supreme Court provided a guideline for review:
“In Louisiana res judicata is stricti juris, and the second suit should not be barred when there is any doubt of the applicability of Article 2286.” At 818.
This court followed that guideline in New Orleans Mortgage Co., Inc. v. City of Kenner, 362 So.2d 1217 (La.App. 4th, 1978). In New Orleans Mortgage Co., Inc., this court held:
“Because the exception of res judicata should never be maintained if there is any doubt whatsoever regarding the correctness of its application, the exception was properly overruled.” At 1220.
Under the dictates of Scurlock, and its progeny, the exception of res judicata was properly overruled.
The third specification of error put forth by the State deals with the district court’s ruling that the Office of the Coroner for Jefferson Parish is a State agency. The State contends that the Coroner’s Office is a parochial one. We agree with the position of the State of Louisiana and reverse the ruling of the court below. R.S. 36:3 defines a state agency as follows:
“(1) ‘Agency’ means and includes the boards, commissions, departments, agencies, offices, officers, and other instru-mentalities, or any or all of these, within the executive branch of state government which are abolished by this Title or which are transferred and placed within departments of the state government created and established or continued by this Title or transferred to and placed within the office of the governor as provided by this Title.”
Clearly the Office of Coroner cannot be within the Executive branch of our state government.
*506 The Office of Parish Coroner is an elected office which was constitutionally created by Art. 5 § 29 of the Constitution of 1974 and Art. 7 § 70 of the Constitution of 1921. Art. 5 of the 1974'Constitution is entitled “Judicial Branch” and provides for the offices of Clerk of Court, Sheriff, District Attorney and all State Court Judgeships. The Coroner’s term of office is mandated by the Constitution. Additionally, his salary is protected from diminution during that term by Art. 5 § 31. The qualifications and duties of the Coroner are prescribed by statute R.S. 33:1551 et seq. All coroners and their assistants are eligible for the Parochial Employees Retirement System by virtue of R.S. 33:6137.
Several statutes deal specifically with the Office of the Coroner for the Parish of Jefferson. By R.S. 33:1558(B) the legislature has set the maximum fees which that office may charge. The parish, however, pays for all “necessary or unavoidable expenses” incurred by the Coroner’s office, including supplies. R.S. 33:1558(B). The Jefferson Parish Coroner is specifically required to report annually to the parish governing authority. R.S. 33:1632.
Additionally, he is required to report at least semiannually to the police jury and provide a summary of his work for that period. R.S. 33:1566 as amended Acts 1952, No. 151 § 2. The Constitution of 1974, Art. 5 § 30 provides that when a vacancy occurs in the office of coroner and there is no chief deputy coroner to assume the office, “the parish . . . shall appoint a qualified person to assume the duties of the office until filled by election.”
Both appellee and appellant cite several cases in support of their respective contentions. Careful review of these cases shows that they are inapplicable to the instant appeal. All the cases cited seek to litigate the relationship between a trustee or employee of a state agency or office and the agency or office. They do not raise the issue whether a particular office is an agency of the State.
For the reasons cited above, we cannot and do not hold that the Office of Coroner is a state agency. We hold that the Coroner is a parochial officer.
Finally, the State contends that the trial court erred in assessing costs against the State, citing R.S. 13:4521 for the proposition that costs cannot be assessed against it. In Segura v. Louisiana Architect Selection Board, 362 So.2d 498 (La.1978), the Supreme Court held that the State and its agencies are not immune from the payment of court costs. In Hopkins v. Department of Highways, State of Louisiana, 364 So.2d 616 (La.App. 3rd, 1978), it was held that Act. No. 467 of 1978, amending R.S. 13:4521 and adding R.S. 13:5112 should be given retroactive effect. Such retroactive effect was given to the statute by this Court in Green v. Orleans Parish School Board, 365 So.2d 834 (La.App. 4th, 1978). We conclude the trial judge did not err when he assessed costs against the State.
For the reasons assigned, the judgment of the district court is affirmed in part and reversed in part.

AFFIRMED IN PART, AND REVERSED IN PART.