398 So.2d 599 (1980)
CHALMETTE GENERAL HOSPITAL, INC.
v.
William A. CHERRY et al.
No. 13824.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
On Rehearing March 16, 1981.
Writ Denied May 1, 1981.
Jonathan C. Harris, Baton Rouge, for plaintiff-appellant Chalmette General Hospital, Inc.
Steven R. Giglio, Baton Rouge, for defendants-appellees William A. Cherry and Dept. of Health & Human Resources.
Before COVINGTON, CHIASSON and LEAR, JJ.
COVINGTON, Judge.
Chalmette General Hospital, Inc., plaintiff, has appealed the judgment of the District Court in favor of the defendants, William A. Cherry and The Department of Health and Human Resources, which maintained their preemptory exceptions of res judicata, estoppel by judgment and no right *600 of action. The judgment also assessed the plaintiff with Cherry's attorney's fees in the amount of $500, and ordered the plaintiff to post a cost bond. Defendants answered the appeal, seeking an increase in the attorney's fees.
The plaintiff brought this action seeking an alternative writ of mandamus ordering William A. Cherry, Secretary of the Department of Health and Human Resources, to hold a hearing on a certificate of need issued to the St. Bernard General Hospital, Inc., a competitor hospital. The plaintiff's action was met by peremptory exceptions, including that of res judicata. The record shows that the parties to the instant suit were parties in a prior action in which the plaintiff sought, by way of reconvention, mandamus and injunctive relief, entitled "St. Bernard General Hospital, Inc. versus Chalmette General Hospital, Inc., et al.", No. 213,991 on the docket of the Nineteenth Judicial District Court, Parish of East Baton Rouge, Louisiana, before the Honorable Lewis S. Doherty, III, Judge. The Department was specifically named as a party defendant in Chalmette's reconventional demand. The same factual claims and same issues were raised in both actions. In the first action, Judge Doherty ruled:
"The Court has found no statute or Louisiana case, and none has been cited to it, in which a business competitor was held to have a right of action to mandamus or enjoin a state agency relative to a certificate of need issued to another entity."
In view of this ruling by Judge Doherty, the trial court in the instant action said:
"The Court is of the opinion that the defendant has correctly stated that the action herein has already been judicially decided in Judge Doherty's case."
We agree.
Matters actually litigated and finally adjudged are presumed to be correct; they ought not be contradicted in subsequent lawsuits. It is evident from the judgment in the first action that the matter in the instant action has already been adjudged because the three identities, i. e., identity of parties, identity of cause and identity of the thing demanded, are present. When these three identities are present, Article 2286 of the Civil Code controls. See Dixon, Booksh & Zimmering, Res Judicata in Louisiana Since Hope v. Madison, 51 Tul.L.Rev. 611 (1977).
A case in point is Bowers v. Jones-Journet, 316 So.2d 18 (La.App. 4 Cir. 1975). The holding in Bowers v. Jones-Journet was predicated upon the essential elements of res judicata as stated in LSA-C.C. art. 2286. In Bowers, the Court upheld res judicata finding that "both judgments were obtained on the basis of the same suit between the same parties, the identical unamended pleadings, without any additional action in the suit between judgments, and upon the same evidence." That would be the effect of this second action by Chalmette Hospital against the Department and its Secretary. By styling this action "Petition for Mandamus or, Alternatively, Judicial Review", instead of calling it a suit for injunctive relief and mandamus, does not alter the fact that the three identities are present. Where the issue has already been judicially determined, a party can not be permitted to manipulate court proceedings to his own convenience in order to foist two separate trials of identical issues upon the courts.
A comparison of suit number 213,991 in Judge Doherty's court with suit number 230,977 in Judge Alford's court reveals positively that the criteria of res judicata have been met.
In view of our sustaining the exception of res judicata, it is not necessary that we consider the other peremptory exceptions ruled upon by the court below. The plaintiff's action is dismissed.
We next consider the appellees' request for an increase in attorney's fees. In answering this appeal, defendants request an increase in those fees to $1,000.00 as compensation for the effort in prosecuting this appeal. Such an increase in attorney's fees for services rendered on appeal is usually awarded when the party appealing obtains no relief on appeal and the other party requests it in accordance with proper appellate *601 procedure. The basis for the award is that the litigant who was successful at the trial level has had to incur additional expenses, which would not otherwise be necessary, in order to protect his rights. See Mid-State Homes, Inc. v. Lertrge (Lartigue), 367 So.2d 1230 (La.App. 3 Cir. 1979); Horn v. Vancouver Plywood Company, 322 So.2d 816 (La.App. 3 Cir. 1975).
Therefore, we increase the attorney's fees from $500.00 to $1,000.00 and amend the judgment in this respect. As amended, the judgment is affirmed at appellant's cost.
AMENDED AND AFFIRMED.

ON REHEARING.
COVINGTON, Judge.
In our original decision, we affirmed the trial court's judgment sustaining the defendants' exception of res judicata and amended the judgment so as to increase the attorney's fees awarded from $500.00 to $1,000.00. We now conclude that we were in error in sustaining the exception of res judicata and in awarding attorney's fees.
The plaintiff, Chalmette General Hospital, Inc., brought this action seeking an alternative writ of mandamus ordering William A. Cherry, Secretary of the Department of Health and Human Resources, and his successors in office "file, process and entertain the petition of Chalmette General Hospital, Inc., for declaratory relief tendered to the Department of Health and Human Resources through the Honorable William A. Cherry on October 31, 1979, and otherwise promptly proceed to hear and dispose of said petition according to the Administrative Procedures Act contained at La.R.S. 49:962 and 951 et seq.," or show cause to the contrary; and, alternatively, for judicial review.
The Department and Secretary Cherry filed answer in the nature of a general denial, and also pleaded estoppel by judgment and denied the applicability of La.R.S. 49:962. The defendants also filed a peremptory exception on the following grounds: res judicata, failure to join an indispensable party, and no cause or right of action.
As previously mentioned, the trial court maintained the defendants' exception of res judicata, estoppel by judgment and no right of action.
A plea of res judicata will lie only when there has been a final judgment indicative of the intention of the Court which rendered the judgment to dispose of the same issue which is before the Court which considers the plea of res judicata. Wiewiarawska v. State, Administrator for the Division of Employment Security, 186 So.2d 680 (La.App. 4 Cir. 1966), writ refused, 249 La. 705, 190 So.2d 230 (1966). In the suit before Judge Doherty no final judgment was signed. Neither the judgment of non-suit nor the written reasons constitute a final judgment. See Fisher v. Rollins, 231 La. 252, 91 So.2d 28 (1956); Bordelon v. Dauzat, 389 So.2d 820 (La.App. 3 Cir. 1980). Hence, we now find that the trial judge erred in finding that the action herein had "already been judicially decided in Judge Doherty's case," since there was no final judgment in that case. LSA-C.C.P. art. 1673. The plea of res judicata is overruled.
In addition to the foregoing exceptions, the defendant filed an exception of failure to join an indispensable party. Code of Civil Procedure Article 641 defines indispensable party and provides that no adjudication of an action can be made unless all indispensable parties are joined therein. This action questioning the validity of the certificate of need granted to St. Bernard would so directly affect the rights of St. Bernard and St. Bernard's interests in the subject matter of this action are so interrelated that St. Bernard is an indispensable party. St. Bernard must be joined for a full and proper adjudication of this matter. Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979); Dambre v. Fair, 376 So.2d 626 (La.App. 4 Cir. 1979). We remand these proceedings to the trial court to require St. Bernard General Hospital, Inc. be joined as an indispensable party.
In view of our remand, we pretermit consideration of the action of the trial court relative to the other exceptions.
*602 For the reasons assigned, our original decision is recalled and set aside. The judgment of the trial court is now reversed and the case is remanded for further proceedings consistent with this opinion.
Costs and determination of attorney's fees, if any, shall await final disposition of the suit.
REVERSED AND REMANDED.