CHARLES R. JONES, Judge.
The Relator, Fire and Casualty Insurance Company of Connecticut (hereinafter “F & C”), seeks review of a judgment granting an exception of lis pendens on behalf of Gregory Boyd, Jr. We vacate and set aside our previous disposition and deny the writ application of F & C.
FACTS AND PROCEDURAL HISTORY
The instant case arises from two separate personal injury suits filed by Troy Griffin and Gregory Boyd, Jr. Mr. Griffin and Mr. Boyd, both employees of the Sewerage and Water Board of New Orleans (S *633 & WB), were injured in the course and scope of their employment.
Mr. Boyd filed a Petition for Damages in Civil District Court for the Parish of Orleans on June 17, 1999. Mr. Boyd alleged that on November 11, 1998, he was a passenger in a vehicle owned by the S & WB. As the driver of the S & WB vehicle proceeded in an eastbound direction on Old Gentilly Road, a vehicle being driven by Tracy Eady Moran struck them from behind. Mr. Boyd alleged as a result of the accident he sustained physical injuries which resulted in general and special damages of physical pain and suffering, disability, mental anguish, | {.humiliation, embarrassment, surgical scarring, inconvenience, medical expenses, and lost wages and/or loss of earning capacity.
At the time of the November 11, 1998 accident the vehicle.driven by Ms. Moran was not insured. Mr. Boyd alleged in his petition that the S & WB vehicle was covered by uninsured/underinsured motorist coverage (UM/UIM) provided by Fire and Casualty Insurance Company. Mr. Boyd further alleged that Fire and Casualty Insurance Company was therefore liable to him.
On May 19, 1999, before filing suit, Mr. Boyd made demand on a F & C adjuster for his damages. However, there was no response.
F & C filed an Answer to Mr. Boyd’s petition on August 24, 1999. F & C admitted to the existence of an insurance policy naming the S & WB as the insured. F & C also pleaded all of the terms, provisions, conditions, limitations of liability, exclusions and other parts of the insurance policy as if copied in extenso. However, F & C averred that Mr. Boyd complained of damages caused by the fault or negligence of a party for whom they had no legal responsibility. F & C further averred all defenses available to it under the Louisiana Motor Vehicle Safety Responsibility Law under La. R.S. 32:851, et seq.; La. R.S. 22:1406, et seq.; and La. R.S. 32:1041, et seq.
Mr. Griffin, in a separate Petition for Damages, alleged that he was injured in an automobile accident on August 10, 1998, while driving a vehicle owned by the S & WB. Mr. Griffin also sought relief through UM/UIM coverage provided by F & C to the S & WB.
F & C provided excess automobile liability coverage to the S & WB. The policy provided $1,000,000 of liability coverage in excess of a self-insured retention of $100,000 per accident. When the S & WB accepted the proposal made 13by F & C for the coverage, it was agreed that the UM/UIM coverage would be specifically rejected. However, an appropriate rejection form, signed by an authorized representative of the S & WB, was not attached to the policy prior to the accidents involving Mr. Griffin and Mr. Boyd. F & C admits the policy must be construed as providing UM/UIM coverage.
On December 14, 2000, F & C filed a separate Petition for Declaratory Judgment in Civil District Court for the Parish of Orleans. The named defendants were the S & WB, Mr. Boyd and Mr. Griffen. F & C sought determination of the rights and obligations of the parties regarding the provisions of the insurance policy issued to the S & WB. Specifically, a declaration that the damages sought by Mr. Griffin and Mr. Boyd were covered by the policy issued to the S & WB only to the extent that their damages exceeded the sum of $100,000 over and above any insurance coverage available to the tortfeasors in the respective claims.
Mr. Boyd filed an exception of lis pen-dens on January 2, 2001, in response to F & C’s petition for declaratory judgment *634 maintaining that his previously filed petition for damages subsumed the matters asserted by F & C in its petition.
Mr. Griffin filed an Answer in response to F & C’s Petition for Declaratory Judgment on January 16, 2001. Mr. Griffin admitted that he had filed a petition for damages in Civil District Court seeking UM/UIM coverage from F & C, but he denied all the other allegations citing lack of information.
After a hearing, the district court granted Mr. Boyd’s exception of lis pendens on April 11, 2001. The district court stated:
IT IS HEREBY ORDERED, ADJUDGED and Decreed that the Exception of Lis Pendens filed by Gregory Boyd is granted.
LF & C then filed a notice of intention to seek supervisory writs and a request to extend the time to file the writ on May 11, 2001. F & C filed an application for supervisory writs, No.2001 C 0898, with this Court on May 11, 2001. F & C’s supervisory writ was granted by this Court on July 11, 2001, and the judgment of the district court was reversed. This Court stated:
WRIT GRANTED
We hereby granted the relator’s request for a reversal of the district court’s decision to grant respondents’ exception of lis pendens. We find that the respondents lack the necessary components to support the granting of the exception of lis pendens. See Mullins v. State, 378 So.2d 503 (La.App. 4 Cir. 1979).
On July 30, 2001, the S & WB filed an Answer and Cross-Claim in response to F & C’s Declaratory Judgment admitting in its Answer that there is a policy provided by F & C. However, the S & WB denied that UM/UIM coverage should be provided to the extent of the liability coverage, and avers that because it was self-insured for the first $100,000, Louisiana law specifically exempts it from responsibility of having UM/UIM coverage for the first $100,000. S & WB also averred that because Mr. Griffin and Mr. Boyd were employees at the time of their accidents their only remedy against the S & WB is through the State’s workers’ compensation law. In its cross-claim, in which Mr. Griffin and Mr. Boyd are the named defendants, the S & WB again alleged that Louisiana law exempted it from having to provide UM/UIM coverage for the first $100,000 of its self-insurance. Therefore, the S & WB sought a; declaratory judgment in which it had no obligation to Mr. Griffin and Mr. Boyd. S & WB denied that Mr. Griffin and Mr. Boyd are entitled to UM/UIM coverage, but if it is determined that they are entitled to the coverage it would be provided by F & C.
IsMr. Griffin filed an Answer in response to the S & WB’s Cross-Claim admitting that he was an employee of the S & WB at the time of his accident, but he denied all other allegations.
Mr. Boyd filed an Application for Supervisory Writs with the Louisiana Supreme Court on August 9, 2001. On November 16, 2001, the Supreme Court remanded the case back to this Court for briefing, arguments and opinion. After this Court on remand heard oral arguments, we ordered the record in the matter of Boyd v. Moran, et al, from Civil District Court to complete our record for review.
Legal Analyses
In our initial review and analysis of this writ application, we relied upon Mullins v. State, 378 So.2d 503 (La.App.Cir.1979) which held that an action seeking a declaratory judgment and one seeking damages did not have the same object and that the exception of lis pendens was properly overruled. In the instant case, we determined *635 that this case, like Mullins had different objectives and that the third component necessary for lis pendens was not present and that this writ application should be granted in favor of F & C.
We have subsequently reviewed Mullins in light of its being overruled on other grounds and relied on Richard, discussed infra.
F & C filed its declaratory action seeking a determination of the scope of the coverage of the policy issued to S & WB. In Richard v. Southern Farm Bureau Casualty Insurance Company, 254 La. 429, 223 So.2d 858 (La.1969), the Louisiana Supreme Court addressed the issue of a declaratory action filed by the defendant insurance company after the plaintiffs petition for damages. The Court found that “... if any one of those of the parties has filed suit for damages prior to the bringing of the declaratory action, the court would be bound to reject declaratory relief.” Id. 223 So.2d at 861 Mr. Boyd filed his petition for damages approximately one and a half years prior to the F & C’s declaratory action. Therefore, under the court’s reasoning in Richard, the district court did not err in granting the exception of lis pendens because F & C would have had to file its declaratory action prior to the petition for damages to avoid the application of lis pendens.
The declaratory judgment sought by F & C was based on the determination of the extent and appropriate time of application of the underinsured motorist coverage due the S & WB. F & C agreed that the S & WB was entitled to coverage because of the suit filed by Gregory Boyd, Jr. and others similarly situated seeking damages as a result of personal injury while employed by the S & WB. The basis Mr. Boyd’s petition for damages is also a determination of the underinsured motorist benefits he may be entitled to as a result of his personal injury. Thus, it appears that the two suits are based on the same transaction or occurrence.
F & C argues that the capacity of the parties in each action is not the same because Mr. Boyd is the plaintiff in his petition for damages, and is a defendant in the declaratory action. Also, F & C avers that the addition of other parties as defendants in the declaratory action defeats the capacity component of the exception of lis pendens.
La. C.C. P. Art. 531 states that:
When two or more suits are pending in Louisiana court of court on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive on all.(emphasis added).
|7Further, this court in Fincher v. Insurance Corporation of America, 521 So.2d 488 (La.App. 4th Cir.1988), found that “the identity of parties requirement for lis pen-dens is also not an absolute requirement, but turns on whether the parties added or omitted would be necessary to reach a judgment on all of the issues asserted against the common parties in both suits.” Id. at 490. Under this Courts’ reasoning in Fincher, the parties in the petition for damages and the declaratory action are the same because Mr. Griffin and the S & WB are not necessary to reach a judgment on the issues between the F & C and Mr. Boyd.
The final test of whether an exception of lis pendens should be granted is whether a final judgment in the first case would preclude the same or similar issues from be *636 ing raised in the second case. The determination of the underinsured motorist benefits due Mr. Boyd in his petition for damages could possibly preclude the determination of the scope of coverage sought in F & C’s declaratory action. Therefore, we reaffirm this Court’s previous disposition granting F & C’s writ application, but we affirm the original judgment of the district court.
Decree
The writ application of Fire and Casualty Insurance Company is hereby granted, but relief is denied.

ON REMAND; JUDGMENT VACATED; WRIT GRANTED; RELIEF DENIED.