480 So.2d 846 (1985)
Ronnie Norman COLLINS, Sr. as Administrator of the Estate of the Minor Child, Eugene Norman Collins, Plaintiff-Appellant,
v.
The BOSSIER PARISH SCHOOL BOARD and William Maleby, as Administrator of the Estate of the Minor Child, Christopher Maleby, Defendants-Appellees.
No. 17347-CA.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1985.
Writ Denied February 7, 1986.
*847 Love, Rigby, Dehan, Love & McDaniel by William G. Nader, Shreveport, for plaintiffappellant.
Henry N. Brown, Jr., Dist. Atty., Bossier City, for defendant-appellee, The Bossier Parish School Bd.
Before FRED W. JONES, Jr., NORRIS and LINDSAY, JJ.
FRED W. JONES, Jr., Judge.
Plaintiff Collins' young son, Eugene, was injured in a fall during kindergarten recess. Collins sued Maleby, the father of the boy causing the fall, and the Bossier Parish School Board. The district court awarded judgment against Maleby for $13,141.05 plus interest and costs and dismissed the suit against the School Board with prejudice. Collins appealed the lower court's refusal to find liability on the part of the School Board and contended the award for general damages was inadequate. We find the trial court was not clearly wrong in concluding the School Board and its employees were not negligent or at fault under the circumstances, nor was the trial court in error in awarding general damages of $5,000. We therefore affirm the judgment of the lower court.
During a noon recess, Eugene was playing on the horizontal ("monkey") bars when young Maleby wrapped his legs around Eugene, causing them both to fall. Eugene suffered a broken femur bone in his left leg. Collins argues that the School Board and its employees were negligent in their supervision of the recess period and this directly led to Eugene's injury. The basic issue for our consideration is whether a teacher/student ratio of less than 1 to approximately 100 during a recess is "adequate supervision" so as to preclude a finding of liability against the School Board and its employees.
Recess at the Plantation Park Elementary School is taken several times daily for kindergarten students in a fenced off area of the playground approximately the size of half a football field. A duty teacher is assigned to supervise the approximately 100 students during their recess. At the beginning of the school year and during gym classes children are told how to use the playground equipment. They are instructed that only one child is to cross the horizontal bars at a time. When the duty teacher sees a violation of these instructions she reprimands the child at once. At the time of Eugene's injury the duty teacher was preventing several children from throwing dirt at one another. She did not see Eugene fall. Another student informed her of the injury and she sent for help while she remained with Eugene. She testified that had she seen the Maleby boy wrap his legs around Eugene she certainly would have reprimanded the child instantly.
There is substantial jurisprudence in this state regarding the adequacy of the teacher/student ratio based on the facts of the individual cases. A ratio of 1 to 90 was deemed adequate in Partin v. Vernon Parish School Board, 343 So.2d 417 (La. App.3d Cir.1977). Ratios of 2 to 200 (Santee v. Orleans Parish School Board, 430 So.2d 254 (La.App. 4th Cir.1983) and 1 to 150/180 (Gibbons v. Orleans Parish School Board, 391 So.2d 976 (La.App. 4th Cir.1980) were found to be inadequate. Testimony at trial of the instant case indicated there were less than 100 children at recess. The maximum possible was 100 and there were absences that day. Mrs. Yorba, the duty teacher, estimated there were between 50 and 100, "closer to 100," students on the playground. In the School Board's answer to interrogatories, they estimated there were 85 children present. In Nicolosi v. Livingston Parish School Board, 441 So.2d 1261 (La.App. 1st Cir. 1983), the court held that a ratio of 2 teachers to between 100 and 175 students (or 1 to between 50 and 87.5 students) was not inadequate under the facts of the case.
*848 Here, in his written reasons for decision, the trial judge stated, "There is nothing in evidence to show that had there been more teachers on duty this unfortunate incident would not have still occurred." Constant supervision of all pupils is not required. In fact, it is virtually impossible "absent a ball and chain." Narcisse v. Continental Ins. Co., 419 So.2d 13 (La.App.3d Cir.1982); Ferguson v. DeSoto Parish School Board, 467 So.2d 1257 (La. App. 2d Cir.1985). Based upon the facts of the case, we agree with the trial judge that the Bossier Parish School Board and its employees were not negligent in their supervision of the children during the recess.
Collins next argues the trial court erred in awarding only $5,000 in general damages. The lower court awarded future medical expenses of $1,000 and special damages of $7,141.05. Collins argues the general damage award is inadequate considering the pain and suffering Eugene experiences. As a result of the accident, Eugene was required to undergo surgery several times, to spend 30 days in the hospital and to remain at home in a cast for some nine weeks. He was unable to complete the 1983-84 school term and was unable to have a normal summer vacation. His mother testified that he was embarrassed about his cast and was irritable because of his restricted activities. By deposition his doctor testified, and the court found, that Eugene should suffer no permanent disability, but the doctor will be monitoring Eugene's progress every two months for the next several years.
The trial judge, Collins argues, did not consider the following facts: that one parent was required by hospital policy to remain with Eugene during the first week of his 30-day stay, that the family was forced to move because of the lack of central air-conditioning in their house (the doctor recommended central air because of Eugene's type of cast), and that Eugene was hostile with family and friends as a result of his limited activities.
Collins cites two cases involving children with leg injuries which resulted in substantial awards: $40,000 in Buckley v. Exxon Corp., 399 So.2d 1225 (La.App.3d Cir.1981) and $35,000 in Robertson v. Travis, 393 So.2d 304 (La.App. 1st Cir.1980). A closer examination of these cases reveals that the injuries suffered were far greater than those of Eugene. The medical prognosis in Buckley was that the child would have a permanent knee disability and the prognosis in Robertson was that the child, who had been in an unconscious state for 25 days and hospitalized for seven weeks in a cast from the chest down, would have a permanent limp. Eugene's prognosis is for a full recovery. Accordingly, the evidence presented does not support Collins' claim for additional damages.
Although on the low side, the trial court did not abuse its great discretion in awarding $5,000 in general damages.
For the above reasons, the judgment of the trial court is affirmed, all costs of this appeal to be borne by plaintiff-appellant.
NORRIS, J., concurs in part and dissents in part with written reasons.
NORRIS, Judge, concurring in part and dissenting in part.
I concur with the majority conclusion that the trial court was not clearly wrong in absolving the School Board and its employees from fault.
I respectfully disagree, however, with the majority conclusion affirming a $5,000 general damage award as being within the much discretion afforded the trial court. As a result of his broken left leg, this young boy underwent several surgical procedures, was hospitalized for 30 days, was confined at home in a body cast for nine weeks, suffered moderate pain and suffering, was unable to complete the 83-84 school term, missed out on a normal summer vacation, was embarrassed because of the cast and became quite irritable because of his restricted activities. While the ultimate medical prognosis is that he will suffer no permanent disability, his progress must be monitored every two months by his doctor for the next several years.
*849 The lowest amount of general damages that could have been appropriately awarded was $12,500. I would increase the general damage award to that sum.