MARC E. JOHNSON, Judge.
 

 | j>This is an appeal from the granting of a motion for summary judgment in favor of defendants, St. John the Baptist Parish School Board (“the School Board”), Larry Dauterive, and Ronald Barrilloux. For the reasons that follow, we reverse.
 

 FACTS & PROCEDURAL HISTORY
 

 Plaintiffs, Alana Stirgus and Armand Stirgus,
 
 [1]
 
 filed a petition for damages against the above-named defendants
 
 [2]
 
 for injuries Armand suffered when he slipped |sand fell on the gym floor at East St. John High School during an indoor football practice on January 22, 2007. In their petition, plaintiffs alleged that as a result of the fall Armand fractured and dislocated his right hip, which required surgery. Plaintiffs asserted the School Board was liable for the negligent acts of its employees, Larry Dauterive, the Athletic Director for East St. John High School, and Ronald
 
 *978
 
 Barrilloux, the football coach who ran practice on the day of the incident, under the doctrine of
 
 respondeat superior.
 
 Plaintiffs contended the indoor football practice was inherently dangerous and that the danger was compounded by a gym floor that was wet because the players had been practicing outside in the rain prior to being moved inside by their coaches. Plaintiffs alleged defendants breached their duty of care owed to the students by failing to provide adequate supervision to the football players to keep them free from unreasonable risks of harm.
 

 Defendants filed a motion for summary judgment asserting there were no genuine issues of material fact and that they were entitled to judgment as a matter of law under both the theory of premise liability and negligence. Defendants maintained that plaintiffs could not prove there was water on the gym floor or that there was a sufficient amount of water on the floor that created an unreasonably dangerous condition. They further argued plaintiffs could not prove defendants had constructive notice of the alleged defect, i.e., water on the floor. Defendants also asserted plaintiffs could not prove they breached any type of duty to provide safety equipment and to adequately train the players.
 

 After a hearing, the trial court granted defendants’ motion for summary judgment. The trial court concluded that holding football practice inside a gym |4when some players were still wearing wet clothing and tennis shoes did not create an unreasonable risk of harm. The trial court further noted that there was no showing that there was a significant amount of water on the floor so as to create an unreasonably dangerous situation. Plaintiffs appeal the trial court’s granting of defendants’ motion for summary judgment, which effectively dismissed their lawsuit.
 

 ISSUE
 

 On appeal, plaintiffs contend the trial court erred in granting defendants’ motion for summary judgment. Plaintiffs argue that the trial court erred in finding that allowing football players in wet clothes and shoes to run drills at full speed inside a gym was not unreasonably dangerous as a matter of law. Plaintiffs also allege the trial court erred in weighing testimony in its factual determination that there was an insufficient amount of water on the gym floor to create an unreasonably dangerous condition.
 

 LAW & ANALYSIS
 

 A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The initial burden of proof is with the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The non-moving party must then produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the non-moving party fails to do so, there is no genuine issue of material fact and summary judgment |Bshould be granted. La. C.C.P. art. 966(C)(2);
 
 Callis v. Jefferson Parish Hosp. Service, Dist.
 
 #
 
 1,
 
 07-580, pp. 4-5 (La.App. 5 Cir. 12/27/07), 975 So.2d 641, 643.
 

 The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored in the law. La. C.C.P. art.
 
 *979
 
 966(A)(2);
 
 Robinson v. Jefferson Parish School Bd.,
 
 08-1224, p. 13 (La.App. 5 Cir. 4/7/09), 9 So.3d 1035, 1043,
 
 writ denied,
 
 09-1187 (La.9/18/09), 17 So.3d 975. Even though the summary judgment procedure is favored, it is not a substitute for trial on the merits.
 
 S.J. v. Lafayette Parish School Bd.,
 
 06-2862, p. 5 (La.6/29/07), 959 So.2d 884, 887
 
 (per curiam).
 

 A material fact is one that potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit.
 
 Hines v. Garrett,
 
 04-806, p. 1 (La.6/25/04), 876 So.2d 764, 765
 
 (per
 
 curiam). A genuine issue is a “triable issue.”
 
 Smith v. Our Lady of the Lake Hosp., Inc.,
 
 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. If reasonable persons could disagree after considering the evidence, a genuine issue exists. However, if reasonable persons could reach only one conclusion on the state of the evidence, there is no need for a trial on that issue and summary judgment is appropriate.
 
 Id.; Alwell v. Meadowcrest Hosp., Inc.,
 
 07-376, p. 4 (La.App. 5 Cir. 10/30/07), 971 So.2d 411, 414. “In determining whether an issue is ‘genuine,’ courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence.”
 
 Smith,
 
 93-2512 at 27; 639 So.2d at 751.
 

 Appellate courts review the granting or denial of a motion for summary judgment
 
 de novo
 
 under the same criteria governing the district court’s consideration of whether summary judgment is appropriate. Specifically, appellate courts must ask the same questions as the district court: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.
 
 Matthews v. Banner,
 
 08-339, p. 3 (La.App. 5 Cir. 10/28/08), 996 So.2d 1161, 1163.
 

 In their petition for damages, plaintiffs claimed the School Board was liable for the negligence of the coaches in failing to provide adequate supervision of the football players and failing to provide a safe environment for the players to practice. A school board, through its agents and teachers, owes a duty of reasonable supervision over students.
 
 Robinson v. Jefferson Parish School Board,
 
 9 So.3d at 1046. The supervision required is reasonable, competent supervision appropriate to the age of the children and the attendant circumstances. This duty does not make the school board the insurer of the safety of the children.
 
 Id.
 

 To establish a claim against a school board for failure to adequately supervise the safety of its students, a plaintiff must prove: (1) negligence on the part of the school board, its agents, or teachers in providing supervision; (2) a causal connection between the lack of supervision and the accident; and (3) that the risk of unreasonable injury was foreseeable, constructively or actually known, and preventable if a requisite degree of supervision had been exercised.
 
 Robinson,
 
 9 So.3d at 1047.
 

 Negligence is based on the existence of a duty and the breach thereof that causes damages. La. C.C. arts. 2315 and 2316. A duty is an obligation recognized by law to conform to a particular standard of conduct toward another.
 
 Green v. Orleans Parish School Bd.,
 
 00-106 (La.App. 4 Cir. 2/7/01), 780 So.2d 1082, 1085, citing
 
 St. Hill v. Tabor,
 
 542 So.2d 499, 502 (La.1989). The standard of care for school teachers and administrators is that of a reasonable person in such a position acting under similar circumstances. “Reasonable care includes protecting against unreasonable risk of injury from dangerous or hazardous objects in the school buildings and on the grounds.”
 
 Green, supra.
 
 Under a theory of negligence, the ^relationship between the risk and the reasonableness of
 
 *980
 
 the measures taken to eliminate the risk must be considered.
 
 Id.
 

 In their motion for summary judgment, defendants asserted plaintiffs could not prove they breached a duty or that defendants failed to protect the players from an unreasonable risk of injury. To support their position, defendants offered partial deposition transcripts of Armand, Coach Barrilloux, and Coach Dauterive. Plaintiffs used the same partial deposition transcripts to oppose the summary judgment. A review of the portions of the depositions contained in the appellate record reveals the following.
 

 Coach Dauterive testified that football practice moved from outside to inside the gym after it started raining. The players went to their lockers to towel off and change from cleats to tennis shoes and into dry clothes if they had them. Coach Dau-terive stated the students were on their own to change and to report to the gym. He stated there was no requirement the players change their clothes and there was no inspection of the players when they reported to the gym.
 

 Coach Barrilloux
 
 [3]
 
 explained the players were wet but not “soaking wet.” He stated the players changed into dry clothes but admitted no one checked to make sure the players had changed. Coach Barril-loux admitted there was a chance some player remained wet when they entered the gym. Armand testified that some players did not change into dry shoes and clothes before going into the gym.
 

 Both coaches stated the gym floor was made of tile and could be slick, especially with moisture. Coach Dauterive explained that the gym floor sweats and becomes slick during basketball games if the air conditioning is not set right. He stated that if he saw water on the gym floor, he would use towels to wipe it up. | sHe explained that every coach and assistant coach monitors the floor and wipes it if water or moisture is observed. Coach Barrilloux testified that on the day of the incident no one was specifically assigned to monitor the gym surface for moisture; but, he indicated a coach would notice moisture.
 

 The practice inside the gym consisted of football throwing drills. Ten to fifteen minutes into the drills, Armand fell while running a “32 slant.” Armand testified that before he fell, he heard a lot of squeaking. When asked what that meant to him, Armand replied it meant to watch your step because it was slippery. He stated he looked around on his side of the line to see if there was any water on the floor, but he did not see any. He further stated he did not hear anyone complaining about water on the floor. Armand stated that the first time he saw water on the floor was after he fell. But, Armand testified that one other person, a “new guy” trying out for the team, had fallen that day. There were no follow-up questions during the deposition as to why the other player fell. In an affidavit submitted at the motion for summary judgment hearing, Armand stated that the other player had slipped and fell on what appeared to be water. Coach Barrilloux testified that he did not see any water on the gym floor, but stated he did not check for water and did not remember that far back.
 

 Plaintiff offered the additional deposition testimony of Dr. Gerald George, who testified the coaches fell below the standard of care in ensuring a reasonably safe environment for the football conditioning program. Because only portions of Dr.
 
 *981
 
 George’s deposition were submitted into evidence, we have no knowledge of Dr. George’s purported field of expertise. Dr. George testified the “squeaking” sounds Armand heard prior to his fall were indicative of a potentially wet floor. He stated that any amount of wetness on the gym floor from wet clothes and rain is lfltoo much. He explained that “32 slants” involve quick turning and pivoting, which lends itself to a higher potential of slipping.
 

 In our
 
 de novo
 
 review of the record, we find there are genuine issues of material fact that preclude summary judgment. The record shows Armand slipped and fell in the gym while executing a “32 slant” football drill. Football practice had started outside but was moved inside the gym by the coaches after it started raining and the players became wet. Some players changed into dry shoes and clothes and some did not. Everyone agreed the gym floor can be slippery with moisture.
 

 Although not an insurer of the players’ safety, defendants had a legal duty to adequately and reasonably supervise the safety of the football players during practice. The reasonableness of the coaches’ actions in continuing football practice inside the gym under the circumstances where some players’ shoes and clothes remained wet and one player had already slipped and fell, is an issue upon which reasonable minds can differ based on the evidence in the record, thus precluding summary judgment.
 

 Additionally, we find an issue of fact as to whether defendants should have known there was moisture on the floor in light of the circumstances. Although the coaches testified they monitored the floor for moisture and saw none prior to Armand’s fall, the question is whether they should have known there was moisture on the floor based on the squeaking shoes, which according to plaintiffs’ expert indicates the probability of a wet gym floor, the fact another player fell during the indoor practice prior to Armand’s fall, and the fact not all players changed out of wet shoes and clothes. This determination requires the weighing of evidence and the credibility of witnesses which are improper considerations in a motion for summary judgment.
 

 11ftAccordingly, we find the granting of a motion for summary judgment inappropriate in this case.
 

 DECREE
 

 Based on the record before this Court, we reverse the trial court’s granting of defendants’ motion for summary judgment. Defendants/appellees are to bear the costs of this appeal.
 

 REVERSED
 

 [1]
 

 . The lawsuit was originally filed by Alana Stirgus, individually and as tutrix of her minor child, Armand Stirgus. During the proceedings, Armand reached the age of majority and the lawsuit was amended to name Armand as a petitioner. Although Armand asked to be the sole petitioner and asked that the caption of the lawsuit be so amended, his mother’s name remained in the caption and both Armand and his mother, as plaintiffs, filed a motion for appeal.
 

 We further note that plaintiff’s name is spelled both "Armand” and "Armaud” throughout the record. The initial Petition for Damages, supplemental petitions, and the initial court caption, lists plaintiff's name as Armand. At some point during the trial court proceedings, the caption changed and referred to plaintiff as "Armaud.” In fact, the judgment at issue in this appeal lists plaintiff as "Armaud.” Plaintiff signed two separate affidavits that were filed into the record: one refers to him as "Armand” and the other refers to him as "Armaud.” We cannot determine from his signature whether he spells his name "Armand” or "Armaud.” For purposes of this opinion, we will use the spelling "Armand” as used in the original petition and court caption.
 

 [2]
 

 . Plaintiffs named several additional defendants, including Children’s Hospital and two doctors who treated Armand after his injury. These defendants were dismissed on an unrelated motion for summary judgment, which forms no basis for the instant appeal.
 

 [3]
 

 . There is a discrepancy in the record regarding the spelling of Coach Barrilloux's name. For purposes of this opinion, we will use the captioned spelling of "Barrilloux” as opposed to the deposition spelling of "Barrilleaux.”