MARC E. JOHNSON, Judge.
IsBoth parties appeal the judgment of the trial court finding defendant, St. John the Baptist Parish School Board (“School Board”), liable for the damages suffered by Javia Carter (“Javia”) when she broke her arm during recess at East St. John Elementary School. The School Board appeals the trial court’s determination of liability based on negligent supervision, and plaintiff, Melissa Carter on behalf of her minor child, Javia, appeals the trial court’s award of damages and seeks an increase in the amount. For the reasons that follow, we reverse the judgment against the School Board.
On May 16, 2007, Javia, a first-grader at St. John Elementary School, broke her-arm during recess after being flipped by a classmate over a bar on a play fire-truck located on the playground. She was initially seen by the school nurse, and | ¡¡then picked up by her grandfather, who took her to the nearby River Parishes Hospital *858 emergency room where an x-ray revealed Javia suffered a left midshaft humerus fracture. She was placed in a long-arm posterior splint and referred to Children’s Hospital in New Orleans for further evaluation. Javia was seen at Children’s Hospital the next day and, three weeks later, she underwent surgery for the insertion of an intramedullary rod to fix the fracture. She was discharged from treatment on August 23, 2007, with no restrictions and no residual injury.
On May 15, 2008, Melissa Carter on behalf of her minor child, Javia, filed suit against East St. John Elementary School, the School Board, and Jane Doe (the unidentified school nurse), seeking damages for personal injuries suffered by Javia as a result of the accident. Plaintiff alleged East St. John Elementary School and the School Board were liable for failing to properly supervise its students, and the school nurse was liable for failing to properly perform her duties. East St. John Elementary School was dismissed from the lawsuit by joint motion prior to trial, and there is no indication Jane Doe was ever named or served. Thus, the matter proceeded to trial solely against the School Board on December 9, 2011. After a bench trial, the trial judge rendered judgment against the School Board for negligent supervision and awarded plaintiff damages in the amount of $32,666.18.
In its judgment, the trial court found that the level of supervision exercised by the School Board was not reasonable given the age of the students and the attendant circumstances. In reaching its conclusion, the trial court relied on the School Board’s own guidelines that require a ratio of one teacher to 26 students for a first grade classroom. The trial court noted that if anything, recess required greater supervision than the classroom because recess allows the children to run, jump and play, whereas class time requires the children to be quiet, calm, and busy with work in a confined room. The trial court concluded that the School Board 14breached its duty to provide reasonable supervision when only one teacher was left to watch over two first grade classes during recess. It reasoned that at the very least, the classroom ratio of one to 26 should have been followed during recess. It further determined that had two teachers been on the playground at the time of the accident, one of the teachers could have seen the argument between Javia and her classmate, foreseen an injury would follow the argument, and intervened to stop the dispute and separate the two students. The trial court concluded that but for the inadequate supervision, Javia’s injury would not have occurred. It further found that the accident was foreseeable and that two teachers, as opposed to one, could better oversee the students while they played.
The School Board appeals the trial court’s finding it liable for negligent supervision. It contends the trial court improperly applied the law and essentially imposed strict liability on the basis the one to 26 ratio was not followed. The School Board maintains the law does not provide that the teacher/student ratio is dispositive on the issue of negligent supervision. It also argues the trial court erred in relying on the one to 26 ratio set forth for classroom time as opposed to the one to 40 ratio required for physical education classes. The School Board asserts it is more reasonable to be guided by the ratio for physical education than the ratio required for instructional classroom time. The School Board further argues the trial court erred in finding Javia’s injury was foreseeable. It points out that the two girls were friends, there were no reported problems with the offending classmate, and there was no evidence of prior injuries on the playground with the same supervi *859 sion. It maintains there was no evidence that additional teachers would have prevented the accident.
Plaintiff answered the appeal and requested modification of the award for general damages. The record shows the parties stipulated to medical expenses in | sthe amount of $24,166.18. Plaintiff contends the trial court’s award of $82,666.18 was abusively low because it only awarded $8,500 for general damages despite Javia undergoing three months of treatment for a broken arm that required surgery and left minor scarring. Plaintiff argues the lowest acceptable amount for general damages is $40,000, and seeks an increase in the trial court’s award for general damages to that amount.
A school board, through its agents and teachers, owes a duty of reasonable supervision over students. Wallmuth v. Rapides Parish School Board, 01-1779 (La.4/3/02), 813 So.2d 341, 346; Robinson v. Jefferson Parish School Board, 08-1224 (La.App. 5 Cir. 4/7/09), 9 So.3d 1035, 1046, writ denied, 09-1187 (La.9/18/09), 17 So.3d 975. The supervision required is reasonable, competent supervision appropriate to the age of the children and the attendant circumstances. However, this duty does not make the school board the insurer of the safety of the children. Constant supervision of all students is neither possible nor required for educators to discharge their duty to provide adequate supervision. Wallmuth, supra.
To establish a claim against a school board for failure to adequately supervise the safety of its students, a plaintiff must prove: (1) negligence on the part of the school board, its agents, or teachers in providing supervision; (2) a causal connection between the lack of supervision and the accident; and (3) the risk of unreasonable injury was foreseeable, constructively or actually known, and preventable if a requisite degree of supervision had been exercised. Robinson, 9 So.3d at 1047.
Negligence is based on the existence of a duty and the breach thereof that causes damages. Stirgus v. St. John the Baptist Parish School Board, 11-47 (La.App. 5 Cir. 6/14/11), 71 So.3d 976, 979. Whether a defendant has breached a duty | fis a factual question to be determined by the factfinder. LeBlanc v. State, ex rel. Depart. of Transp. and Development, 07-139 (La.App. 5 Cir. 12/11/07), 974 So.2d 703, 709, writ denied, 07-2478 (La.2/22/08), 976 So.2d 1286. The appellate court reviews questions of fact under the manifest error standard. Id.
The record shows that each of the two first grade classes at East St. John Elementary School had approximately 20-22 students. These two classes were combined for recess to allow one teacher a free lunch period. At the time of Javia’s accident, Ms. Salena LeBlanc, was the first grade teacher supervising recess, while Ja-via’s teacher, Ms. Chester, was at lunch. Ms. LeBlanc, who at the time of the accident had been at East St. John Elementary School for four years, testified that it was the usual procedure to have one teacher supervising two classes at recess. The principal, Mr. Jerry Galloway, confirmed this policy.
At trial, Mr. Galloway, testified that Bulletin 741 of the Louisiana Board of Elementary and Secondary Schools (BESE) sets a maximum ratio of one teacher to 26 students for kindergarten through third grade for classroom instruction. He further testified that the maximum ratio for physical education classes for kindergarten through eighth grade is one teacher to 40 students. He stated BESE does not set *860 forth a maximum teacher to student ratio for recess.
The trial court relied on the School Board’s failure to comply with the 1:26 ratio during recess to find the School Board breached its duty to provide reasonable supervision, which we find was manifestly erroneous. There is nothing in the record setting forth a required teacher to student ratio for recess. Further, it is more reasonable to rely on the 1:40 ratio required for physical education classes to guide the amount of supervision needed for recess.
In Brooks v. Orleans Parish School Board, 560 So.2d 683 (La.App. 4th Cir. 1990), the Fourth Circuit reversed the trial court’s determination that the School |7Board was liable for negligent supervision when a five-year-old student was pushed from a slide, fell, and broke her arm. At the time of the accident, the plaintiff was one of 80-35 students (ranging in age from kindergarten to third grade) playing at recess with only one teacher on duty. It was noted that the teacher was alone for only a few minutes before she was joined by another teacher; however, the accident occurred while only one teacher was present. The Fourth Circuit noted that the School Board is not an insurer of the safety of its students, and that there is no requirement that the supervisor of a group of children have each child under constant scrutiny. The court concluded that the evidence failed to show negligence in supervision, but rather it only showed plaintiff was pushed off the slide by another student. The court found the trial court’s finding of inadequate supervision to be manifestly erroneous.
Also, in Collins v. Bossier Parish School Bd., 480 So.2d 846 (La.App. 2nd Cir.1985), writ denied, 481 So.2d 1350 (La.1986), the Second Circuit affirmed the trial court’s finding that the School Board was not negligent in its supervision of the children during recess. In Collins, the plaintiff, a kindergarten student, broke his leg in a fall from the horizontal (“monkey”) bars when another student wrapped his legs around the plaintiff, while he was playing on the horizontal bars, causing them both to fall. At the time of the accident, only one teacher was on duty to supervise recess involving approximately 100 kindergarten students. The teacher did not see the plaintiffs accident because she was preventing several other children from throwing dirt at one another. The Second Circuit noted that constant supervision of all students is not required and is virtually impossible “absent a ball and chain.”
Further, there are several other cases that have found ratios ranging from one teacher to 85 or more students and two teachers to 100-175 students constitute Inadequate supervision. Nicolosi v. Livingston Parish School Bd., 441 So.2d 1261, 1265 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1243 (La.1984), and cases cited therein.
Although these case were decided prior to the Supreme Court’s ruling in Wall-muth, Wallmuth did not change the law. The question is whether the supervision provided was reasonable considering the age of the children and the attendant circumstances, and whether the accident/incident could have been prevented. The Supreme Court has made it clear that constant supervision is not required for educators to discharge their duty to provide adequate supervision. It has also made it clear that a School Board is not liable for spontaneous actions by children that would not have been preventable absent constant supervision. Wallmuth, supra.
In the present case, the playground where the children were playing was in a *861 confined area where all children were visible at all times by the teacher. Although the trial court noted that “at the very least, the teacher should have been able to have all the children in her line of sight,” thereby suggesting Ms. LeBlanc could not see all the children, testimony regarding the playground’s boundaries and photographs in the record show that the entire playground was visible from where Ms. LeBlanc was standing.
Additionally, Ms. LeBlanc had no notice that additional supervision of Javia or the offending student was required. This accident occurred in May, which is at the end of the school year, and the two girls had played with each other throughout the year without incident. There was no evidence the offending student was a discipline problem who required additional supervision.
Furthermore, there is no indication that additional supervision would have prevented the accident. The girls were playing on a piece of playground 19equipment that was no more than one foot off the ground and was surrounded by bars. There was no evidence of any similar incident involving the play fire truck. It was unforeseeable that one child would grab the ankles of another child and flip her over the bars. Ms. LeBlanc was only 10-15 feet away from the girls at the time the incident occurred. Although Javia testified that she told the offending student, “No, you better not do it,” Ms. LeBlanc did not hear it. Nonetheless, this statement does not put a teacher on notice, even if Ms. Le-Blanc had heard the statement, that the offending student, with no prior disciplinary history, is about to flip her classmate over a bar by grabbing her ankles.
Moreover, we find several factual inaccuracies in the trial court’s judgment. The judgment, with incorporated reasons, states that Ms. LeBlanc did not hear Javia cry and that she only learned of the accident when another student informed her that Javia had been hurt. To the contrary, Ms. LeBlanc testified that her first notice of the accident was when she heard Javia crying. The trial court also noted that but for the inadequate supervision, the offending student “would not have been allowed to push Javia following an argument.” There is no evidence in the record that Javia was pushed. Rather, the record shows the offending student reached down and grabbed Javia by her ankles and flipped her over the bar.
Based on the foregoing, we find the trial court was manifestly erroneous in finding the School Board liable for negligent supervision. The evidence only shows that the offending student, who had no prior disciplinary history, grabbed Javia’s ankles and flipped her over the bar of a piece of playground equipment. Such an incident was neither foreseeable nor preventable absent constant supervision, which is not required by the law in order for the School Board to fulfill its duty to provide adequate supervision.
| inFor these reasons, we reverse the judgment of the trial court casting St. John the Baptist Parish School Board in judgment for the injuries sustained by Ja-via. Our reversal of the trial court’s judgment renders plaintiffs appeal moot. Each party is to bear his own costs of this appeal.

REVERSED